**Richmond**

LAUGHON & JOHNSON, INC.

V.

B. O. BURCH, ET AL.

June 12, 1981.

Record No. 790913.

Present: All the Justices.

*Harry F. Hambrick, Jr. (S. D. Roberts Moore; Gentry, Locke, Rakes & Moore, on brief), for appellant.*
*Edwin C. Stone (Davis & Stone, Inc., on brief), for appellees.*

COMPTON, J., delivered the opinion of the Court.

In *M. W. Worley Construction Co.* v. *Hungerford, Inc.*, 215 Va. 377, 210 S.E.2d 161 (1974), we applied the rule of strict liability in a blasting case when property damage was caused by rock and debris. In the present case, we decide the issue specifically reserved in *Worley;* that is, will the doctrine of liability without fault likewise apply when property damage results not from flying debris but from concussion due to blasting.

The material proceedings and facts in these two cases, consolidated for appeal as they were for trial, are undisputed. The appellee-landowners, B. O. Burch and Jacqueline B. Burch, and Marvin J. Musselman and Mary E. Musselman, plaintiffs below, filed separate actions at law seeking recovery from defendant-appellant Laughon & Johnson, Inc. for property damage. They claimed that their residences were damaged in 1977 by the effects of defendant's blasting in connection with road work on U. S. Route 460 in Montgomery County. The landowners' property was situated near the explosion site. The defendant was performing blasting associated with grading work on State property as a subcontractor under a prime contract with the Commonwealth of Virginia.

At the non-jury trial, plaintiffs conceded they had no evidence that defendant was negligent in either case. The plaintiffs' evidence showed that cracks developed in the interior and exterior of their homes following severe vibration and concussion associated with the blasting.

Applying the rule of strict liability, the trial court found as a matter of fact that the concussion from defendant's blasting operation proximately caused the damages, and entered judgment in favor of the Burches for $1,640 and the Musselmans for $5,680. We awarded defendant an appeal from the March 1979 judgments.

Defendant argues that proof of negligence should be required for recovery of concussion damage in Virginia. Relying on "the fundamental principle" used by courts that have adopted the negligence standard, defendant contends that "to hold an owner strictly liable for all concussion damages as a result of blasting on his own property would deny him an appropriate and lawful use of his property." Advancing numerous other policy considerations, defendant urges us to permit recovery in concussion cases only upon violation of a very high standard of care appropriate for per-

sons using explosives, recognizing that *Worley* allows recovery on a strict liability theory in so-called "direct damage" cases when rock and debris have been thrown upon a plaintiff's land.

Noting the strict liability rule prevails in this jurisdiction in cases where there is "actual physical contact," plaintiffs contend there is "no logical reason" that the rule should be different when the damage is caused by concussion and vibration. They say the absolute liability rule is justified in both instances upon the theory that one who undertakes the dangerous activity of blasting should be liable for damages that are proximately caused by such conduct.

There is a split of authority on the question of liability for property damage by concussion from blasting. Annot., 20 A.L.R.2d 1372, 1374. The conflict exists because the courts have been confronted with two opposing theories. One view is that a person may not so use his own property as to damage the property of another. The other view is that a property owner has the right to make the fullest possible use of his property. If the former view is to control, there would be liability without fault, whereas if the latter view prevails, liability would be based upon negligence. *Id.* at 1374-75.

The jurisdictions adopting the first view, and imposing liability without fault, generally reason that even though a defendant exercised a high degree of care he nevertheless set in motion the agency which caused the damage and thus he, and not the innocent plaintiff, should suffer the loss. *See, e.g., Exner* v. *Sherman Power Construction Co.,* 54 F.2d 510, 514 (2d Cir. 1931); *Thigpen* v. *Skousen & Hise,* 64 N.M. 290, 295-96, 327 P.2d 802, 806 (1958); *Malloy* v. *Lane Construction Corp.,* 123 Vt. 500, 503, 194 A.2d 398, 400 (1963). This theory has been adopted by a majority of the courts. *See* 20 A.L.R.2d at 1375-77 and cases collected in the Later Case Service.

Some of the courts embracing the negligence requirement rely on the common-law distinction between actions of trespass and case. They hold that if rocks and debris are cast upon plaintiff's land, "a trespass results for which there is liability, irrespective of negligence" but if there is concussion damage, no trespass occurs, and "liability for such consequential damages must be based on negligence in an action on the case." 20 A.L.R.2d at 1375. *See, e.g., Coalite, Inc.* v. *Aldridge,* 285 Ala. 137, 138, 229 So.2d 539, 540 (1969). But this idea has been severely criticized and labelled

"a marriage of procedural technicality with scientific ignorance." W. Prosser, *The Law of Torts* § 78, at 514 (4th ed. 1971).

The prior case law in Virginia on concussion damage due to blasting has left the issue we decide today an open question. In *Pope* v. *Overbay,* 196 Va. 288, 83 S.E.2d 365 (1954), plaintiff sought recovery for damage caused to buildings by vibrations set in motion by defendant's blasting operation in a nearby quarry. Upon defendant's denial that the damage proximately resulted from the blasting, the case was submitted to the jury under a strict liability instruction. On appeal, the case was disposed of on the factual issue of causation, thus making it unnecessary for the court to pass on the correctness of the trial court's instruction on strict liability.

In *B. G. Young and Sons, Inc.* v. *Kirk,* 202 Va. 176, 116 S.E.2d 38 (1960), plaintiff claimed that property damage resulted from vibrations caused by blasting. Plaintiff had deeded a portion of his land to the State for highway construction. The deed released all claims for damage to plaintiff incurred by the construction unless it resulted from negligence. Thus, the trial court instructed the jury that plaintiff must prove negligence in order to recover. On appeal by defendant from a judgment in favor of plaintiff, this Court enforced the release provision and expressly did not "determine whether liability for damages resulting from blasting may be incurred irrespective of negligence." 202 Va. at 181, 116 S.E.2d at 42.

In *Green & Co.* v. *Thomas,* 205 Va. 903, 140 S.E.2d 635 (1965), plaintiff's dwelling was damaged by concussion from blasting being performed by defendant under a contract with the Commonwealth for construction of an interstate highway. This Court reversed a judgment in favor of the landowners on the basis that the defendant contractor was entitled to share the sovereign immunity of the State from liability for consequential damages necessarily involved in the performance of the public contract, unless it was negligent. We held that plaintiffs had not established defendant's negligence. Following the *Green* decision, the General Assembly in 1970 enacted present Code § 8.01-224, which provides that the defense of governmental immunity is not available to any person in any cause of action for property damage proximately caused by blasting in the performance of work for or on behalf of any governmental agency.

Upon consideration of our conclusion in *Worley* and the views on the subject expressed by the courts of other jurisdictions, we decide to follow the majority rule. It would be illogical for us to hold, as we did in *Worley*, that the rule of absolute liability applies "where one lawfully engaged in blasting operations casts rocks or other debris upon adjoining or neighboring premises and causes direct damage to property," 215 Va. at 380, 210 S.E.2d at 163-64, and yet refuse to apply the same rule where the damage is caused by vibration and concussion due to the same type of operations involving the use of explosives. The court's reasoning in *Exner* is apropos here:

> "It is true that some courts have distinguished between liability for a common-law trespass, occasioned by blasting, which projects rocks or debris upon the property or the person of the plaintiff, and liability for so-called consequential damages arising from concussion, and have denied liability for the latter where the blasting itself was conducted at a lawful time and place and with due care. [Citations omitted.] Yet in every practical sense there can be no difference between a blasting which projects rocks in such a way as to injure persons or property and a blasting which, by creating a sudden vacuum, shatters buildings or knocks down people. In each case, a force is applied by means of an element likely to do serious damage if it explodes. The distinction is based on historical differences between the actions of trespass and case and, in our opinion, is without logical basis." 54 F.2d at 513-14.

Consequently, we hold that when property is damaged by vibration or concussion from blasting operations, there will be liability upon the blaster irrespective of negligence, provided, of course, the damage claimed is a direct and proximate result of the explosion.

For these reasons, the judgments appealed from will be

*Affirmed.*