## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Steingaszner et al.

v.

Paramount Termite Control Co., Inc., et al.

December 31, 1985

Case No. (Law) 9955

By JUDGE ALFRED D. SWERSKY

The matter is before the Court on defendant Paramount's Demurrer to Counts 3, 4, 5 and 6 and the claim for punitive damages of the Motion for Judgment and defendant Velsicol's Motion to Dismiss or Strike pleadings as to Counts 1, 4, 5 and 6 and to strike the claims for punitive damages.

### I. *Demurrer of Defendant Paramount*

Paramount demurs as to Counts 3 and 4 on the grounds that the contract alleged is one for services not the sale of goods and, therefore, warranties under Virginia's Uniform Commercial Code do not apply. In such hybrid contracts the court must look to the dominant element of the contract to determine whether the contract is one for sale of goods or for services. *See,* Anderson, *The Uniform Commercial Code,* Vol. 1, 2-105:35-39. It is clear that the contract plaintiff's allege is a contract for the services of Paramount and not specifically the sale of the chemicals involved in treating the infestation of termites. The Court finds that the dominant element in the contract alleged is the performance of a service.

This, however, does not end the inquiry. Nothing in the U.C.C. prevents warranties from arising from the conduct of the parties. *See, e.g., Mann v. Clowser,* 190 Va. 887 (1950); *Smith v. Hensley,* 202 Va. 700 (1961). In the official comment to Section 8.2-313 it is said that section 313 does not "disturb those lines of case law growth which recognize that warranties need not be confined either to sales contracts or to the direct parties to such a contract." See also, *Bly v. Otis Elevator Co.,* 713 F.2d 1040 (4th Cir. 1983); *Featherall v. Firestone Tire and Rubber Co.,* 219 Va. 949 (1979).

In so far as Counts 3 and 4 allege warranties under the Uniform Commercial Code, the demurrer must be sustained with leave granted to plaintiffs to file an amended motion for judgment if they choose.

In Count 5, plaintiffs have alleged that defendants are liable to plaintiffs for "introducing a product unreasonably dangerous into the stream of commerce." Plaintiffs have entitled this Count "strict liability" and Paramount has demurred on the grounds that Virginia has not recognized such a cause of action.

While it is technically true that the Virginia Supreme Court has not specifically recognized a cause of action called "strict liability," it has recognized a cause of action under an implied warranty theory where goods were unreasonably dangerous either for the use to which they would ordinarily be put or for such other foreseeable purpose and that condition existed at the time the goods left the sellers hands. *Logan v. Montgomery Ward,* 216 Va. 225 (1975). The strict liability standard is set forth in the Restatement (Second) of Torts, § 402 A. The allegations of plaintiff taken as true for purposes of this demurrer, are sufficient to state a cause of action under *Logan* and for that reason Paramount's Demurrer as to Count 5 will be denied.

Paramount demurs to Count 6, a count alleging negligent or innocent misrepresentation, on the grounds that since the contract was not for a sale of goods there can be no cause of action for misrepresentation. No authority is cited for this novel proposition and it is clear that Virginia recognizes a cause of action for misrepresentation in other than sale of goods cases. *See, e.g., Trust Co. of Norfolk v. Fletcher,* 152 Va. 868 (1929); *Jefferson Standard Life Insurance Co. v. Hedrick,* 181

Va. 824 (1943). Paramount's demurrer as to Count 6 will be denied.

As to the claim for punitive damages, Paramount demurs on various grounds, some of which have been disposed of by this letter opinion. The plaintiffs have properly pleaded a claim for punitive damages (see paragraph 27 of the Motion for Judgment) and have set forth in separate counts the independent wilful torts required in *Kalmar Corporation v. Haley*, 224 Va. 699 (1983). Paramount's demurrer to the claim for punitive damages will be denied.

## II. *Velsicol's Motion to Dismiss or Strike Pleadings.*

For purposes of this opinion the Court is treating Velsicol's motion as a demurrer and accepting the truth of plaintiff's allegations for purposes of the motion.

Velsicol moves to dismiss Count 4 on the theory that no contract for the sale of goods took place and, therefore, no implied warranties were made. This motion will be denied. The Motion for Judgment alleges that the chemicals involved were sold by Velsicol to Paramount. Since the Uniform Commercial Code abolished lack of privity of contract as a defense (Section 8.2-318) it is clear that plaintiffs can maintain an action against Velsicol for breach of the implied warranties. *See, Southern States Corp. v. Doggett,* 223 Va. 650 (1982).

The case of *Goodbar v. Whitehead Bros.,* 591 F. Supp. 552 (W.D. Va. 1984), is distinguishable on the facts and is not controlling. There the employees of a foundry to whom defendants sold silica sand sued the sellers. The Court went to great lengths to explain that because of the foundry's extensive knowledge of the dangers, its duty to its employees to provide a safe working place, the fact that the employees' claim was a derivative one through the foundry, and the manufacturer could reasonably rely on the foundry to appropriately warn its employees, no warranties were made to plaintiffs. In this case, there is no such evidence before me. The allegations of the Motion for Judgment are sufficient to state a cause of action in implied warranties against Velsicol.

The motion of Velsicol next addresses Count 5, the so-called "strict liability" count. For the reasons stated elsewhere in this opinion, the motion of Velsicol as to Count 5 will be denied.

The motion next addresses Counts 1 (negligence), 5 (strict liability) and 6 (negligent misrepresentation) on the basis that there was no duty to warn plaintiffs of any damages because they simply sold the product to Paramount. Velsicol relies again on *Goodbar*. However, as previously stated that case is distinguishable and not controlling.

There does exist a duty to warn as set forth in cases cited herein such as *Featherall v. Firestone*, 219 Va 944, at 962, as follows:

> The manufacturer of a chattel will be subject to liability when he
>
> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
>
> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
>
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

*See also*, Restatement (Second) of Torts, § 388 (1965), and *Logan v. Montgomery Ward, supra.* The motion as to Counts 1, 5 and 6 will be denied.

With regard to the punitive damages, for reasons previously stated on this issue, Velsicol's motion will be denied.