Robin D. **WILKES**, Plaintiff,

v.

**F.L. SMITHE MACHINE COMPANY, INC.,** Defendant.

Civ. A. No. 88–0027–R.

United States District Court, W.D. Virginia, Roanoke Division.

Feb. 2, 1989.

Jane S. Glenn, S.D. Roberts Moore, Gentry, Locke, Rakes & Moore, Roanoke, Va., for plaintiff.

W. Fain Rutherford, Woods, Rogers & Hazelgrove, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

KISER, District Judge.

This matter is before me on the motion for summary judgment by F.L. Smithe Machine Company, Inc. Smithe Machine contends that Wilkes' claim is barred by the applicable statute of limitations; that Wilkes lacks the requisite privity of contract with the defendant; and that Wilkes' claim for strict liability in tort is not recognized in Virginia. For the reasons stated below, the motion is granted in part and denied in part.

### I. *Background*

Sometime before July 1, 1960, Smithe Machine manufactured a machine known as an MO 63 folding machine. In 1960, this machine was installed by Double Envelope Corporation at its facility in Hollins, Virginia.

The MO 63 machine weighs several thousand pounds and covers floor space of about ten by twenty feet. The machine is about four and one-half feet high. The motor of the machine is attached to the floor by lug bolts. The MO 63 machine folds paper and manufactures envelopes.

Robin Wilkes began working for Double Envelope in 1984. On February 13, 1986, Wilkes was operating the MO 63 machine when her hair got tangled in a rotating shaft. Wilkes lost part of her scalp in the accident. Wilkes filed this suit on January 13, 1988.

### II. *Was Wilkes' Suit Timely?*

■ Smithe Machine argues that the MO 63 machine was an improvement to real property and, therefore, Wilkes' claim is barred under the old version of Va.Code § 8.01–250 (formerly § 8–24.2). When this statute was passed in 1964, it provided that no action to recover damages arising out of defects in an improvement to real property may be brought against "any person performing or furnishing the design, planning, supervision of construction, or construction of such improvement to real property more than five years after the performance of furnishing of such services and construction." This statute was construed in *Wiggins v. Proctor & Schwartz, Inc.*, 330 F.Supp. 350, 352 (E.D.Va.1971), which held that the statute covered manufacturers of fixtures, including equipment or machinery, that were improvements to real property. Although the Virginia General Assembly subsequently amended the statute on March 13, 1973, to avoid the result in *Wiggins*, the Fourth Circuit has held that for any equipment installed more than five years before March 13, 1973, future actions would be barred. *Hupman v. Cook*, 640 F.2d 497 (4th Cir.1981). It is undisputed that the MO 63 machine was installed more than five years before March 13, 1973. The question to be decided, then, is whether the MO 63 machine was an improvement to real property.

In other contexts, the Virginia courts have set out guidelines for determining whether a chattel has become a fixture. In order to decide whether machinery and equipment were fixtures and, therefore, subject to a mortgage, the Virginia Supreme Court has applied the following tests:

(1) Annexation of the chattel to the realty, actual or constructive; (2) its adaptation to the use or purpose to which that part of the realty to which it is connected is appropriated; and (3) the intention of the owner of the chattel to make it a permanent addition to the freehold.

*Danville Holding Corp. v. Clement,* 178 Va. 223, 16 S.E.2d 345, 349 (1941).

Wilkes conceded that the MO 63 machine's motor is bolted to the floor and that the machine has never been moved. Wilkes points out, however, that similar machines have been moved from time to time in the same plant. Although Smithe Machine contends that the Hollins plant was designed to house such machines, Wilkes responds that the MO 63 machine is not integral to the building. Moreover, when Double Envelope moved out of its old location in 1960, it moved several envelope-making machines from its old Roanoke plant to its new facility in Hollins. Finally, Wilkes points out that Double Envelope never has considered such machines to be fixtures, but treats these machines as personal property for tax purposes.

The Virginia courts have emphasized the importance of the owner's intent in determining whether chattels have become fixtures. *See, e.g., Transcontinental Gas Pipe Line Corp. v. Prince William County,* 210 Va. 550, 172 S.E.2d 757, 761–62 (1970); *Danville Holding Corp. v. Clement,* 16 S.E.2d at 349. The owner's intent may be determined, however, from such facts as the nature of the equipment and whether it is the landowner who annexes the equipment to the realty. *Clement,* 16 S.E.2d at 349.

Under the three-part test set out in *Clement,* it is not clear as a matter of law that the MO 63 folding machine is a fixture. First of all, only the motor of the machine is actually "affixed" to the realty. Second, although the machine is certainly used in the business of making envelopes, which is the purpose for which the building was designed, *any* machinery installed in the Double Envelope building is probably used in the business. Nonetheless, not every piece of business equipment is necessarily a fixture. For example, no one has alleged that the Hollins plant building would be significantly deprived of its function if the MO 63 folding machine were removed. Finally, the evidence of Double Envelope's intent indicates that such machines are not regarded as fixtures, but are treated as personalty. I conclude that whether the MO 63 machine is a fixture is a question of fact. A reasonable jury could find, applying the three-part test of *Clement,* that the machine is personalty. Accordingly, Smithe Machine is not entitled to judgment on this issue as a matter of law.

### III. *Does Wilkes' Lack of Privity with Smithe Machine Bar this Suit?*

In 1962, the Virginia General Assembly enacted a statute providing that a plaintiff did not need privity to maintain a breach of warranty or negligence action against a manufacturer or seller of goods. Va.Code § 8.2–318 (formerly Va.Code § 8–654.3). If Smithe Machine sold the MO 63 machine before this statute was enacted, Wilkes' claim is not covered by the antiprivity statute. *See Farish v. Courion Industries, Inc.,* 754 F.2d 1111, 1117 (4th Cir. 1985). Although Wilkes argues that Double Envelope's records show that the machine was not purchased until December 21, 1964, these records also state that the machine was "leased Greyhound 1–28–60." Wilkes does not deny that Double Envelope took possession of the MO 63 machine in 1960. The records indicate that the machine was leased at first, probably from an entity named Greyhound, and later purchased. These records do not contradict Smithe Machine's assertion that it sold the machine in 1960. Thus, there is no material issue of fact regarding the date on which Smithe Machine sold the MO 63 machine. Accordingly, the antiprivity statute, Va.

Code § 8.2–318, does not apply to Wilkes' claim.

Because Wilkes lacks privity with Smithe Machine, she does not have a claim for breach of warranty. *Harris v. Hampton Roads Tractor & Equipment Co.,* 202 Va. 958, 121 S.E.2d 471 (1961). However, lack of privity will not always bar a negligence claim. As the Fourth Circuit recently has pointed out, the modern rule is that probability of harm from a product is the basis of a manufacturer's liability to an injured person, regardless of whether privity exists. *See Derflinger v. Ford Motor Co.,* 866 F.2d 107 (4th Cir.1989), citing an opinion by Judge Cardozo in *MacPherson v. Buick Motor Co.,* 217 N.Y. 382, 111 N.E. 1050 (1916). The Virginia courts have never expressly adopted or rejected the rule of *MacPherson,* but the Fourth Circuit has, on occasion, assumed that the Virginia courts would adopt the modern rule if the proper case was presented for decision. *See Pierce v. Ford Motor Co.,* 190 F.2d 910, 915 (4th Cir.1951). Although the Fourth Circuit took a more conservative view of this question a few years ago in *Farish v. Courion Industries, Inc.,* 754 F.2d 1111, 1118 (4th Cir.1985), the court most recently has reaffirmed its position in *Pierce. See Derflinger v. Ford Motor Co.,* 866 F.2d 107 (4th Cir.1989).

*Pierce* involved an automobile accident caused by faulty workmanship in the assembly of a turnbuckle on a tire rod. *See Pierce,* 190 F.2d at 912. *Pierce* established that, despite lack of privity, Virginia imposes liability on a manufacturer who negligently furnishes a defective product that is "imminently dangerous," without notice or warning of the defect. *Id.* at 914. *See also Derflinger,* at 108. Under the reasoning of *Pierce* and *Derflinger,* Wilkes has a claim against Smithe Machine, regardless of her lack of privity, if the MO 63 machine was defective and dangerous. Consequently, lack of privity with Smithe Machine does not bar Wilkes' negligence claim. Smithe Machine's motion for summary judgment on this point must be denied. Lack of privity bars only Wilkes' claims based on breach of warranty.

## IV. *May Wilkes Base her Claim on Strict Liability?*

Wilkes has also stated a claim against Smithe Machine based on strict liability for selling a machine that was unreasonably dangerous. As Smithe Machine points out, Virginia never has recognized a claim for strict liability in tort. *See Lust v. Clark Equipment Co., Inc.,* 792 F.2d 436, 439 (4th Cir.1986). Accordingly, Smithe Machine is entitled to summary judgment on Wilkes' Count V, which is based on a theory of strict liability.

### Conclusion

For the foregoing reasons, Smithe Machine's motion for summary judgment is granted as to Count V of Wilkes' complaint, which is based on strict liability, and to Counts III and IV, which are based on breach of warranty. In all other respects, the motion is denied.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

### ORDER

This matter is before me on the motion for summary judgment by F.L. Smithe Machine Company, Inc. For the reasons stated in the Memorandum Opinion filed today, it is hereby ADJUDGED and ORDERED as follows:

1. The motion for summary judgment as to Counts III, IV, and V of Wilkes' complaint is GRANTED.

2. In all other respects, the motion for summary judgment is DENIED.