## CIRCUIT COURT OF FAIRFAX COUNTY

David Taylor

v.

Central Fiber Corp. et al.

September 26, 1990

Case No. (Law) 98484

By JUDGE MICHAEL P. McWEENY

This case came before the Court on September 21, 1990, upon defendants' Demurrer to Counts III, VI, IX, and XII of the Motion for Judgment. After oral argument, the Court took the case under advisement.

Defendants demur to the respective counts asserting that Virginia does not recognize strict liability in tort. To support their position, they offer the Federal cases of *Lust v. Clark Equipment Co., Inc.,* 792 F.2d 436 (4th Cir. 1986), *Wilks v. F. L. Smithe Mach. Co., Inc.,* 704 F. Supp. 680 (W.D. Va. 1989), and *Matthews v. Ford Motor Company,* 479 F.2d 399 (4th Cir. 1973). *Lust, supra,* only notes that Virginia has never expressly adopted the Restatement of Torts, Second, § 402A. *Wilks, supra,* rules "Virginia never has recognized a claim for strict liability in tort" while citing *Lust* as its authority. Lastly, *Matthews, supra,* says in a footnote that the Virginia Supreme Court has indicated that recovery for breach of warranty should be based upon contract, "not on the doctrine of strict liability in tort"; however, this statement is based upon *Brockett v. Harrell Bros., Inc.,* 206 Va. 457 (1965), which never mentions strict liability in tort. These cases do not offer much in the way of guidance.

The plaintiff, on the other hand, offers Judge Swersky's letter opinion in *Steingazner v. Paramount Termite Control,* 5 Va. Cir. 309 (1985), where he notes the similari-

ty between the implied warranty theory for unreasonably dangerous goods and strict liability in tort (the former of which was recognized in *Logan v. Montgomery Ward*, 216 Va. 425 (1975)). Again, the authorities submitted fail to persuade.

All of the authorities seem to indicate that Virginia has no reported decisions on strict liability in tort (*see* 63 Am. Jur. 2d, *Products Liability*, § 536); yet, that statement is not true. Virginia has adopted the theory of absolute or strict liability in tort in cases involving "an intrinsically dangerous and ultrahazardous activity," such as blasting. *M. W. Worley Construction Co. v. Hungerford, Inc.*, 215 Va. 377 (1974); *Langhorn & Johnson, Inc. v. Burch*, 222 Va. 200 (1981). It is clear that, at this point, the Supreme Court is reluctant to extend this cause of action beyond those where there is an inability "to eliminate the risk of injury by exercising reasonable care." *Philip Morris, Inc. v. Emerson*, 235 Va. 380, 406 (1988) (involving disposal of toxic waste). Taking the reasoning of *Worley, supra*, the Supreme Court has based its adoption of strict liability upon the impossibility of prediction, "*with certainty*, the extent of severity of the blast." *Id*.

Applying the same reasoning to the case at bar, the Court finds this not to be a case falling within the parameters of *Worley* and *Philip Morris* for strict liability. The demurrer is sustained without leave to amend.