**Kaney F. O'NEIL, Plaintiff,**

v.

**WINDSHIRE COPELAND ASSOCIATES, L.P., et. al., Defendant.**

**No. Civ.A. 4:01CV56.**

United States District Court, E.D. Virginia, Newport News Division.

April 1, 2002.

---

**19.** *See* p. 505, item (iv) *supra.*

Robert John Haddad, Shuttleworth, Ruloff, Giordano & Swain, PC, Virginia Beach, VA, Amy Z. Tobin, South Lake Tahoe, CA, Irwin M. Zalkin, Zalkin & Zimmer, LLP, San Diego, CA, for Plaintiff.

Steven W. Bancroft, Trichilo Bancroft McGavin Horvath & Judkins PC, Fairfax, VA, John D. Radd, Jeffrey Franklin Brooke, Huff, Poole & Mahoney, P.C., Virginia Beach, VA, for Defendant.

## OPINION AND ORDER

MORGAN, District Judge.

This matter is before the Court on Plaintiff's Motion for Judgment as a Matter of Law and Motion to Dismiss Affirmative Defenses. The Court ruled upon these issues in the course of trial and this Opinion and Order further explain the rationale for its rulings.

This case arises out of personal injuries the Plaintiff sustained when she fell from a second story balcony at the Autumn Apartments complex ("the Apartment") in Newport News, Virginia on September 15, 1999. As a result of the fall, Plaintiff is a quadriplegic. Plaintiff alleges that the guard rail on the second floor balcony was defective in that it was too low to protect against falls, and that the rail failed to meet applicable building safety codes.

## I. Procedural Background

On November 7, 2001, the Plaintiff moved for Partial Summary Judgment and to Dismiss Affirmative Defenses. In this motion, the Plaintiff claims that the Defendants violated the building code and is therefore negligent *per se*. Accordingly, the Plaintiff argues the Defendants should be barred from using the defenses of contributory negligence and assumption of the risk. Argument on the motion was not heard before trial.

On January 29, 2002, the Plaintiff moved for Judgment as a Matter of Law and to Dismiss Affirmative Defenses. Again, the Plaintiff asserted that the Defendants were negligent *per se* and thus should be barred from asserting the defenses of contributory negligence and assumption of the risk. The Court deferred ruling upon Plaintiff's November 7, 2001 and January 29, 2002 motions until trial.

The Jury Trial in this matter began on January 31, 2002. At the conclusion of the evidence, the Court **GRANTED** in part and **DENIED** in part Plaintiff's Motion for Judgment as a Matter of Law. Specifically, the Court **FOUND** that the Defendants were negligent *per se*, but that such negligence did not bar the defenses of contributory negligence and assumption of the risk. The Court also **DENIED** the Plaintiff's Motion to Dismiss Affirmative Defenses. The Court issued special interrogatories to the jury requiring responses to these issues.

On February 7, 2002, the jury returned a verdict for the Defendants. Specifically the jury, having been instructed that the Defendants were negligent, found (1) that the Defendants' negligence was a proximate cause of the incident and the Plaintiff's resulting damages, (2) that the Plaintiff was negligent, and (3) that the Plaintiff's negligence was a proximate cause of the incident and her resulting damages.

This order explains the Court's ruling.

## II. Negligence *Per Se*

The Plaintiff claims that the Defendants were negligent *per se* because the guard rail on the second story balcony of the Apartment violated the height requirement of the Building Code of the City of Newport News both at the time of construction and the time of Plaintiff's fall on September 15, 1999 [1].

To prove a claim of negligence *per se*, the Plaintiff must establish that the Defendants violated a statute that was enacted for public safety, that the Plaintiff belongs to the class of persons for whose benefit the statute was enacted, that the harm that occurred was of the type against which the statute was designed to protect, and that the statutory violation was a proximate cause of Plaintiff's injury. *Halterman v. Radisson Hotel Corp.*, 259 Va. 171, 176–77, 523 S.E.2d 823 (2000). Generally, the question of proximate cause is to be determined by the trier of fact. *Jenkins v. Payne*, 251 Va. 122, 128, 465 S.E.2d 795 (1996).

The Virginia Supreme Court has stated that "the violation of the Building Code, like any statute enacted to protect health, safety, and welfare, is negligence per se." *MacCoy v. Colony House Builders, Inc.*, 239 Va. 64, 69, 387 S.E.2d 760 (1990); *See also Marple v. Papermill Park Corporation*, 30 Va.Cir. 154, 1993 WL 945946, *3 (Va. Cir. Ct.1993) (stating that "if the

---

1. At the time of the fall, the guardrail measured thirty two (32) inches from the balcony deck. At the time of the Apartment's construction in 1963, the City of Newport News required balconies to be forty eight (48) inches. At the time of the fall, the State of Virginia Code, which applied to the City, required balconies to be forty two (42) inches.

Plaintiff can show that the condition of the stairs violated a specific provision of the applicable building and housing codes ... such a violation may be admitted as evidence of negligence per se.").

The Defendants dispute that the handrail was too low and violated the applicable building code. In support of this assertion, the Defendants note that the Apartment was inspected approximately six months before the Plaintiff's fall by the Department of Codes Compliance for the City of Newport News and that the Department inspector found no violations for the height of the handrails.

■ However, the actions or inactions of a building inspector should not determine whether the Building Code has been violated. The failure of an inspector to find a violation, whether by mistake, oversight, or lack of resources, should not be used as proof that such a violation did not exist. For example, in *MacCoy*, 239 Va. at 64, 387 S.E.2d 760, the Virginia Supreme Court held that the Uniform Statewide Building Code had been violated even though an inspector had inspected and cleared the electrical work at issue in that case. In that case, the inspector's initial inspection found deficiencies, which the sub-contractor allegedly remedied. This work was cleared by a subsequent inspection. Nonetheless, when a fire was caused by the installation of the electrical service cable, the Court determined that the violation of the Uniform Statewide Building Code was negligence *per se* despite the fact that the electrical service passed inspection. *Cf. Wolfe v. Board of Zoning Appeals of Fairfax County, et. al.,* 260 Va. 7, 532 S.E.2d 621 (2000) (finding that the zoning administrator was not estopped from finding that the parking of commercial vehicles on a residential lot was unlawful on the grounds that the former zoning inspector failed to issue citations for parked vehicles and marked as "cleared" or failed to prosecute citations, as such use of the property was unlawful throughout.)

■ Accordingly, the Court **FINDS** that the Defendants were negligent *per se* in violating the applicable building code for the Apartment by failing to maintain the guardrails on the second story balcony of the Apartment at the required height.

## III. Contributory Negligence and Assumption of the Risk

The Plaintiff contends that since the Defendants are negligent *per se* for violating the applicable building code, neither contributory negligence nor assumption of the risk are available defenses.

While no recent Virginia Supreme Court case is directly on point, the Plaintiff cites cases from other jurisdictions asserting this is a "nearly universal rule." In *Martin v. George Hyman Construction Company,* 395 A.2d 63 (D.C.1978), the Defendant was negligent *per se* for violating its statutory duty to provide reasonably safe working conditions, pursuant to the District of Columbia Safety Standards, Rules and Regulations Construction. The Defendant claimed the Plaintiff was contributory negligent. The Court stated:

"The nearly universal rule is that neither contributory negligence nor assumption of risk bars recovery for breach of a duty imposed by statute, ordinance or regulation if the purpose of the statute, ordinance, or regulation would be defeated by application of either defense. See Restatement (Second) or Torts Secs. 483, 496F (1965); W. Prosser, Law or Torts 425–26, 453–54 (4th Ed.1971) ... Therefore, where the judicially-developed defense of contributory negligence and assumption of risk conflict with the purposes of the statutes

and regulations, such defenses should not bar recovery." *Id.* at 68–69.

The Court continued, "Statutes and regulations should not be overborne by the common law ... Deference to the statutes and regulations is inherent in the separation of the branches of our government." *Id.* at 69. Further, "a statutory or regulatory scheme may envision that certain classes of persons likely to be careless require greater protection than that which might be afforded at common law." *Id.*

The Plaintiff cites a number of cases from other jurisdictions that support this theory. *See e.g. Weston v. Washington Metropolitan Area Transit*, 78 F.3d 682, n. 10 (D.C.Cir.1996) (stating that contributory negligence is unavailable in a negligence *per se* case if the defense would defeat the purpose of the statute or regulation.); *Perkinson v. Gilbert/Robinson, Inc.*, 821 F.2d 686, 692 (D.C.Cir.1987) (holding that the trial court was in error for instructing the jury that a finding of contributory negligence would bar recovery because of the "nearly universal rule" that the defense of contributory negligence may not defeat the purpose of a statute or regulation.); *Osborne v. Salvation Army*, 107 F.2d 929, 931 (2nd Cir.1939) (stating that "The better reasoned decisions have held that assumption of risk and contributory negligence ... are not valid defenses in cases where the violation of a statute enacted for the benefit of a class of which the plaintiff is a member is involved. If the Plaintiff's injuries arose from the violation, defen-

dant's liability was absolute irrespective of any proof of negligence."); *Mayes v. Byers*, 214 Minn. 54, 7 N.W.2d 403 (1943) (holding that the defendant was barred from using the defenses of contributory negligence and assumption of the risk against an intoxicated patron who fell because the stairway where he fell was maintained in violation of the city ordinance)

The Plaintiff claims that the building code requirement that guard rails be a certain height is designed to protect people from their own inadvertence or negligence. Therefore, the Plaintiff argues that failure to bar the defenses of contributory negligence and assumption of the risk would defeat the purpose of the statute.

As there is no Virginia Supreme Court case directly dealing with this issue, the Court must forecast how the Virginia Supreme Court would rule in this case.

The Court believes that the issue of barring contributory negligence and assumption of risk in this instance is analogous to the application of the theory of strict liability in tort. Both result in liability regardless of the actions or fault of the injured party.

It is correct that many jurisdiction bar these defenses where the defendant has been negligent *per se* in violating a public safety statute. However, while many jurisdictions recognize the theory of strict liability in tort, Virginia has not adopted § 402A of the Restatement (Second) of Torts[2] and generally does not permit tort

---

**2.** Section 402A of the Restatement (Second) of Torts, states:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

  (a) the seller is engaged in the business of selling such a product, and

  (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

  (a) the seller has exercised all possible care in the preparation and sale of his product, and

recovery on a strict-liability theory. *Harris v. T.I., Inc.,* 243 Va. 63, 71, 413 S.E.2d 605 (1992); *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.,* 236 Va. 419, 424, fn. 4, 374 S.E.2d 55 (1988). In fact, the application of strict liability is so disfavored in Virginia, it has only been applied in instances of blasting, *Laughon & Johnson, Inc. v. Burch,* 222 Va. 200, 278 S.E.2d 856 (1981), and the distribution of adulterated food. *Brockett v. Harrell Bros., Inc.,* 206 Va. 457, 462–63, 143 S.E.2d 897 (1965).

Additionally, Virginia does not follow the doctrine of comparative negligence in tort law. *Nehi Bottling Co., Inc. v. Lambert,* 196 Va. 949, 955, 86 S.E.2d 156 (1955); *Smith v. Virginia Elec. and Power Co.,* 204 Va. 128, 133, 129 S.E.2d 655 (1963). Virginia's policy of following the doctrine of contributory negligence rather than comparative negligence also suggests that the Virginia Supreme Court would not bar the defenses of contributory negligence and assumption of the risk in this case.

The Court's research uncovered only one Virginia case addressing an issue similar to the one at hand. In *Petruska v. Cutech, Inc.,* 1991 WL 835316 (Va.Cir.Ct. 1991), an unpublished City of Winchester Circuit Court case, the trial judge, noting that Virginia disfavored the application of strict liability in tort, refused to impose liability *per se* based upon an alleged violation of the applicable building codes and the Virginia Landlord Tenant Act. The court found that a violation of the applicable building codes, and the landlord's violation of the Virginia Landlord Tenant Act, would amount to negligence *per se*. However, the court stated that such a finding

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

3. The court invited the parties to submit additional authorities on this point. However, it

of negligence *per se* would not bar a defense of contributory negligence[3].

■ The Court **FORECASTS** that the Virginia Supreme Court would not bar the defenses of contributory negligence and assumption of the risk because the Defendant was negligent *per se* in violating the applicable building codes.

Accordingly, the Court **GRANTS** the Plaintiff's Motion for Judgment as a Matter of Law insofar as she requests that the Court find the Defendants negligent *per se*. The Court **DENIES** the Plaintiff's Motion for Judgment as a Matter of Law in requesting that the Court bar the defenses of contributory negligence and assumption of the risk. The Court **DENIES** the Plaintiff's Motion to Dismiss Affirmative Defenses.[4]

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED.**

appears that there were no further written opinions issued in this case.

4. The issue of contributory negligence was submitted to the jury, however, the issue of assumption of the risk was not.