974 F.2d 1331
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ruby HIGGINS, Administrator of the Estate of Steven Lawson,
deceased; Lawrence Lawson, Plaintiffs-Appellants,
v.
American HONDA MOTOR CO., Inc., Defendant-Appellee,
and Honda Motor Company, Ltd.; Honda Research and
Development Company, Defendants.
 No. 92-1093.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 1, 1992
Decided: September 1, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-91-849-A)
 ARGUED: Richard Melvin Alvey, Alvey & Alvey, P.C., Woodbridge, Virginia; Robert Randolph Willoughby, Manassas, Virginia, for Appellants.
 Michael Esher Yaggy, Piper & Marbury, Baltimore, Maryland, for Appellee.
 ON BRIEF: Michael S. Barranco, Diane M. Lank, Piper & Marbury, Baltimore, Maryland; George F. Cronin, Jr., Fairfax, Virginia; Eric A. Portuguese, David H. Kochman, Lester, Schwab, Katz & Dwyer, New York, New York, for Appellee.
 E.D.Va.
 Affirmed.
 Before WILLIAMS, Circuit Judge, BUTZNER, Senior Circuit Judge, and GARBIS, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Ruby Higgins and Lawrence Lawson (Parents) brought this diversity action seeking damages from American Honda Motor Company, Inc., (Honda) arising from an accident that occurred in West Virginia. Their son, Steven Lawson, suffered a fatal injury when he struck a five-eighths inch wire cable stretched across the trail where he was riding his 250 Fourtrax all terrain vehicle (ATV) designed and manufactured by Honda.
 
 
 2
 Parents contend that Honda failed to provide adequate warnings regarding the risks of operating the Fourtrax to persons under sixteen years of age and that Honda failed to include sufficient structures to protect the operator of a Fourtrax in the event of an accident. Honda moved for summary judgment on all claims. The district court granted Honda's motion for summary judgment after determining that the evidence conclusively showed that Steven assumed the risk of his fatal accident and that assumption of risk barred any recovery by Parents. We agree and affirm.
 
 I.
 
 3
 In May 1989, Parents purchased a Fourtrax for their fourteen-year-old son, Steven. Higgins also purchased a Fourtrax for Steven's thirteen-year-old step-brother. The warning on the Fourtrax and in the owner's manual stated that it should not be operated by anyone under fourteen years of age. As part of the purchase of the Fourtrax, Mrs. Higgins initialled and signed a verification form stating, among other things, that a child under sixteen years of age should never drive an ATV with an engine size of 91 cubic centimeters and above. Steven's Fourtrax had an engine size of 246 cubic centimeters.
 
 
 4
 Steven had extensive experience operating all terrain vehicles and was a skilled and able driver. Both of Steven's Parents testified in deposition regarding his experience, judgment, maturity, and ability to operate ATVs. His experience included driving a battery-operated three-wheel vehicle when he was two, operating a riding mower as an ATV at the age of six, operating a Honda TRX 125 ATV that his Parents purchased for him when he was thirteen, and riding his uncle's Honda 250 ATV before his Parents purchased Steven's Fourtrax. Approximately one year before his fatal injury, Steven broke his arm and dislocated his shoulder while riding as a passenger on his TRX 125. Warnings on the TRX 125 advised against riding with passengers, as well as operation by children under age fourteen.
 
 
 5
 Steven Lawson was fourteen years and eight months old when he died. The fatal accident occurred when Steven struck a wire cable that had been placed across the trail.[1] Steven and his father were both riding ATVs and Steven was leading the way up the trail when he first saw the cable. Steven stopped, warned his father about the cable, ducked under it, and proceeded up the hill. As they turned around to go back down the hill, Steven's father reminded him about the cable and Steven responded that he knew where it was. Steven was going slowly down the hill ahead of his father when he struck the wire that caused his fatal injury.
 
 II.
 
 6
 Though Parents' complaint contained numerous theories of recovery, their allegations against Honda are essentially that the Fourtrax was defective because the age warnings were inadequate and the Fourtrax did not include protective structures and devices to prevent injuries to the rider in the event of a collision or overturn.[2] Other than this, Parents did not allege that any defect in the Fourtrax caused or contributed to the accident. The district court, applying West Virginia law, granted summary judgment to Honda on all claims.
 
 
 7
 Parents assert on appeal that the grant of summary judgment on the adequacy of the age warning, assumption of the risk, and comparative negligence was inappropriate because there were genuine issues of material fact. Parents also contend that despite the grant of summary judgment, Mr. Lawson should be able to receive damages based on an independent claim for bystander recovery. We review a grant of summary judgment de novo, applying the same standard applicable at the district court, namely whether there are any genuine issues of material fact and whether the law was applied correctly to the facts. White v. Federal Express Corp., 939 F.2d 157 (4th Cir. 1991).[3]
 
 
 8
 We address first the adequacy of the age warning and find that this issue does not need to be determined because Parents have made no showing of proximate cause. We next address Parents' contentions regarding assumption of risk and comparative negligence and conclude that the district court correctly found that these doctrines barred Parents' recovery on all claims. Finally, we find that Lawson waived his claim for bystander recovery by not raising it first in the district court, and that even if it had been timely raised, it would not have been a valid claim.
 
 A.
 
 9
 Parents assert the district court erroneously concluded Higgins was informed that no one under the age of sixteen should ride the Fourtrax. Parents claim that the Fourtrax they purchased for Steven was defective because the warnings written on the vehicle and in the owner's manual stated that no one under fourteen years of age should operate the vehicle. Parents argue these warnings should have been directed to any person under sixteen years of age. The warning in the notice Ms. Higgins signed did state that no one under sixteen years of age should ever operate an ATV with an engine size larger than 91 cubic centimeters. The inconsistency in these age warnings is troubling;[4] nevertheless, Parents have put forward no facts to establish that the lack of a proper age warning regarding users under sixteen was the proximate cause of Steven's accident.
 
 
 10
 Parents' deposition testimony reveals a practice of ignoring any age or safety warnings that were given to them regarding ATVs. Indeed, when Higgins and Lawson purchased Steven's Fourtrax, Higgins also purchased a Fourtrax for Steven's thirteen-year-old stepbrother. Parents purchased ATVs for their sons to use when they were younger than the recommended age, and they ignored warnings about allowing persons to ride as passengers. Plaintiffs have failed to provide evidence from which a jury could properly find that even if Honda had put warnings regarding use by sixteen-year-olds in the manual and on the Fourtrax, such warnings would have affected either Parents' or Steven's conduct, or have prevented Steven's accident. As we held in Stanback v. Parke, Davis, & Co., 657 F.2d 642, 646 (4th Cir. 1981), where there is a complete lack of evidence that a failure to warn was a factor producing the injury, there is insufficient proof of causation to survive a motion for summary judgment. We agree, therefore, with the district court's conclusion that Parents have failed to show that Honda's alleged failure to give adequate warnings proximately caused Steven's accident.
 
 B.
 
 11
 We also agree with the district court that the defense of comparative assumption of risk barred Parents' claims. Under West Virginia law three elements must be shown to support the affirmative defense of assumption of risk: (1) knowledge of the danger; (2) an appreciation of the danger; and (3) voluntary exposure to the danger. Ventura v. Winegardner, 357 S.E.2d 764, 767 (W. Va. 1987) (citing Spurlin v. Nardo, 114 S.E.2d 913, 920 (W. Va. 1960)). West Virginia has adopted a modified comparative negligence standard under which a party may recover only if he is less than 50 percent at fault. Bradley v. Appalachian Power Co., 256 S.E.2d 879, 885 (W. Va. 1979). West Virginia has also modified its assumption of risk doctrine to comport with comparative negligence, so that assumption of risk only bars a plaintiff's recovery if his degree of fault equals or exceeds the fault or negligence of other parties. King v. Kayak Mfg. Corp., 387 S.E.2d 511, 517, 518 (W. Va. 1989) (also reaffirming that the defense of assumption of risk applies in products liability actions). Assumption of risk and comparative negligence apply to strict liability and negligence actions; therefore, if applicable, these doctrines would bar all Parents' claims. See Star Furniture Co. v. Pulaski Furniture Co., 297 S.E.2d 854, 861-61 (W. Va. 1982); Morningstar v. Black & Decker Mfg. Co., 253 S.E.2d 666, 683 (W. Va. 1979).
 
 
 12
 Parents contend that because Honda advises that no one under sixteen should ride ATVs with engines larger than 91 cubic centimeters, then no child under the age of sixteen, including Steven, can be expected consistently to operate an ATV such as a Fourtrax in a safe manner. Under West Virginia law, a fourteen-year-old is presumed to have the capacity to assume known risks and to be capable of negligence. Pino v. Szuch, 408 S.E.2d 55, 58 (W. Va. 1991). Although this is a rebuttable presumption, Parents have offered no proof beyond conclusory and speculative assertions to overcome this presumption. Parents offer the testimony of expert witnesses that children in Steven's age range are not capable of safely operating an ATV. The issue, however, is whether this particular child was capable of safely operating an ATV and Parents' experts do not address Steven's demonstrated capabilities. The evidence regarding Steven's abilities is clear. The testimony of both Parents indicates that Steven was a knowledgeable, experienced, and skilled ATV operator.
 
 
 13
 While we find the untimely death of this child very tragic, we agree with the district court that all of the elements of assumption of risk are present in this case. Steven knew the cable was across the path. He clearly appreciated the risk presented by the cable when he first observed it and even warned his father about it. He continued riding his Fourtrax with full knowledge and appreciation of the risk. Steven's own conduct was the only cause of his injuries and as a matter of law he was more than 50 percent at fault. In light of these facts, we conclude that Parents' claims are barred under the doctrine of comparative assumption of risk.
 
 
 14
 Parents also claim Honda should be held liable because Steven's Fourtrax lacked any Rollover Protection Systems (ROPS).[5] The lack of protection on the Fourtrax is analogous to the lack of protection on motorcycles. Courts have found the lack of safety features on motorcycles and the incident risk of bodily harm to be"patent beyond cavil." Nicholson v. Yamaha Motor Co., 566 A.2d 135, 147 (Md. Ct. Spec. App. 1989), cert. denied, 569 A.2d 1242 (Md. 1990). Such an open and obvious lack of safety features does not constitute an actionable defect. Shaffer v. AMP, Inc., 842 F.2d 893 (6th Cir. 1988); Pressley v. Sears-Roebuck & Co., 738 F.2d 1222, 1223 (11th Cir. 1984); Toney v. Kawasaki Heavy Indus., 763 F. Supp. 1356 (S.D. Miss. 1991). We find that the danger of striking the wire while riding the Fourtrax was an open and obvious danger and that Steven assumed the risk of this open and obvious danger knowing there was no ROPS to protect him.
 
 C.
 
 15
 Steven's father, who witnessed his son's fatal accident, also claims that he is entitled to seek damages under a theory of bystander recovery. Although the complaint refers to the suffering and distress that Lawson experienced when he witnessed his son's death, Lawson did not plead a separate cause of action based on a theory of bystander recovery. Moreover, Lawson did not argue the issue in the summary judgment proceedings. While it is unclear whether Lawson raised this claim in the complaint, he certainly could have asserted this theory of recovery before the district court in the summary judgment proceedings. Because he did not argue this theory below, we decline to address it on appeal.[6] See United States v. One 1971 Mercedes Benz, 542 F.2d 912, 915 (4th Cir. 1976) (issues not raised and properly preserved at the district court will not be noticed on appeal absent exceptional circumstances).
 
 III.
 
 16
 For the foregoing reasons, the district court's grant of summary judgment in favor of Honda is affirmed.
 
 AFFIRMED
 
 
 [1]
 The property owners placed the wire across the trail to prevent unauthorized use by trespassers
 
 
 [2]
 Parents' complaint included eight different theories of recovery: (1) Warning and Instruction Defect; (2) Design Defect; (3) Breach of Express Warranty; (4) Breach of Implied Warranties; (5) Strict Liability; (6) Negligence; (7) Consumer Product Safety Act; (8) Crashworthiness; (9) Punitive Damages. Parents conceded that no claim arose under the Consumer Product Safety Act
 
 
 [3]
 Though Plaintiffs argue that there are genuine issues of fact, they do not raise any disputed facts material to the assumption of risk defense. Therefore, all that remains for us to determine is whether the law was correctly applied to the facts
 
 
 [4]
 One reason this inconsistency is troubling is that Honda and three other major distributors of ATVs entered into a preliminary consent decree in December 1987, in a suit by the government in which Honda agreed to cease the distribution of three-wheeled ATVs and to recommend that children under 16 not ride ATVs with an engine size of 90 cubic centimeters or larger
 
 
 [5]
 According to Honda, a ROPS generally includes a metal pipe superstructure extending in front of, above, and behind the operator, as well as significant changes to seat design and tethering devices by which the operator is fastened to the ATV at several points. Because the standard for review of summary judgment requires that we view the evidence in the light most favorable to Parents, we assume for purposes of this case that a ROPS may have prevented Steven's fatal injury
 
 
 [6]
 Even if this claim were not waived, West Virginia has not recognized an independent claim for bystander recovery. In addition, even if such a cause of action existed in West Virginia, it is derivative in nature and must be premised on a finding of liability for the underlying wrongful death action. See Brammer v. Taylor, 338 S.E.2d 207, 211 n.2 (W. Va. 1985). As we have indicated, the basis for such liability is not present in this case