Brenda H. AUSTIN, and Liberty Mutual Insurance Company, Plaintiffs,

v.

CLARK EQUIPMENT COMPANY, Hyster Company, and K–D Manitou, Inc., Defendants.

Civ. A., No. 90–0527–R/L.

United States District Court, W.D. Virginia, Lynchburg Division.

May 7, 1993.

P. Brent Brown, Carter, Brown & Osborne, S.D. Roberts Moore, Jane S. Glenn, Gentry, Locke, Rakes & Moore, Roanoke, VA, for plaintiffs.

Ronald M. Ayers, Kenneth John Ries, Johnson, Ayers & Matthews, Roanoke, VA, for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

This matter comes before the court on the defendants' motions for summary judgment. Upon careful consideration of the record, applicable law, and the arguments presented by counsel at hearing, the court finds that defendants' motions must be granted with respect to all of plaintiff's claims.[1]

### I. FACTS

This products liability action arises out of an accident which occurred on September 21, 1988, at Lee's Carpet Division of Burlington Industries, Inc. ("Burlington") located in Glasgow Virginia. The plaintiff, Brenda Austin, suffered personal injury when the forklift truck she was operating collided with a forklift truck operated by another Burlington employee, James McDaniel. Both forklift trucks had been equipped with carpet poles approximately ten feet in length and two to four inches in diameter in order to facilitate the moving of rolls of carpet at the Burlington facility. Ms. Austin was traveling backwards along one aisle in her forklift truck and made a right-hand turn, still traveling backwards, into another aisle in order to pick up a roll of carpet. Mr. McDaniel had just unloaded a roll of carpet and was traveling forward in the aisle into which Ms. Austin had turned. The carpet pole affixed to the front of Mr. McDaniel's forklift truck made contact with Ms. Austin's back and impaled her.

---

1. Liberty Mutual Insurance Company is the workmen's compensation carrier for the employ-

er. For the remainder of this opinion, "plaintiff" will refer to Ms. Austin.

Defendant Hyster Company ("Hyster") is the manufacturer of the forklift truck driven by Ms. Austin. Defendant Clark Equipment Company ("Clark") manufactured the forklift truck driven by Mr. McDaniel. Defendant K–D Manitou, Inc., manufactured the mast [2] attached to the Clark forklift truck.

Plaintiff asserts that the defendants' products were defectively designed and that the defendants failed to warn of the dangers associated with the use of such products under theories of negligence and breach of implied warranty of merchantability. Specifically, Plaintiff alleges that Clark and Hyster should have included certain essential safety devices, described as overhead safety lights, audible motion alarms, and rear view mirrors on the forklift trucks and that they failed to adequately advise users of the necessity of such devices for the safe operation of their vehicles. Plaintiff alleges that the mast manufactured by K–D Manitou was defective in that it unreasonably and unnecessarily restricted forward vision.

Additionally, Plaintiff asserts she can prove that: 1) Clark possessed information which indicated that the number of accidents involving their trucks would be reduced if the trucks were equipped with certain safety features and that the addition of such features had been recommended as the result of an internal task force study; 2) Hyster had received numerous reports of injuries caused in part by the lack of safety devices and was, thus, well aware of the need for such items; and 3) K–D Manitou's chief engineer had recommended a number of changes in the mast to improve visibility, most of which were rejected by management. Defendants, however, contest plaintiff's characterization of the information in their possession.

Hyster offers as optional equipment warning lights and audible motion alarms. It does not offer rear view mirrors as optional equipment because it believes it is unsafe for a lift truck operator facing forward to look in a rear view mirror to travel in a reverse direction. Clark decided to leave warning devices optional and to leave it up to purchasers to examine the literature available and determine whether to use the devices.

Ms. Austin originally filed suit against five defendants alleging causes of action based on strict liability in tort (Count I), negligence (Count II), and breach of various express and implied warranties (Count III). Summary judgment was granted as to two of the original defendants, Hyster–Yale Materials Handling, Inc., and Nacco Industries, Inc., by Order dated February 27, 1991 on the grounds that they were not proper parties to this suit. By Order dated February 14, 1991, the court dismissed the plaintiff's claim based on strict liability in tort because that cause of action is not recognized under Virginia law. In her response to the defendants' motions for summary judgment, plaintiff withdrew her claims based on express warranty and the implied warranty of fitness for a particular purpose. Thus, only her claims of negligence (Count II) and breach of implied warranty of merchantability (Count III) remain as to the three remaining defendants, Hyster, Clark, and K–D Manitou.

The remaining defendants in the suit, Hyster, Clark, and K–D Manitou, have moved for summary judgment as to the design defect claim brought under both negligence and breach of implied warranty of merchantability theories and the failure to warn claim brought under both negligence and breach of implied warranty of merchantability theories on the grounds that (1) any alleged defects were open and obvious; (2) Burlington, Ms. Austin's employer, was a sophisticated user; and (3) that the actions of Mr. McDaniel and Burlington were intervening and superseding causes of Ms. Austin's injury. In the alternative, all three Defendants move for summary judgment as to the negligence claim on the grounds that Ms. Austin was contributorily negligent as a matter of law. Additionally, K–D Manitou moves for summary judgment as to the breach of implied warranty of merchantability claim, asserting that Ms. Austin assumed the risk as to the mast.

## II. STANDARD OF REVIEW

■ Summary judgment standard is appropriate where the "pleadings, depositions, answers to interrogatories and admissions on

---

**2.** Burlington employees installed the K–D Mani-

tou mast on the Clark forklift truck.

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The facts and all reasonable inferences from the facts must be viewed by the court in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). To withstand a summary judgment motion, the non-moving party must offer evidence from which a fair minded jury could return a verdict for the party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

## III. *ANALYSIS*

Jurisdiction of the court is based upon diversity of citizenship pursuant to 28 U.S.C. Section 1332 et seq. and the amount in controversy exceeds fifty thousand dollars ($50,-000.00), exclusive of interest and costs. The parties agree that Virginia law controls in this diversity action.

■ The plaintiff asserts claims of defective design and failure to warn under theories of negligence and breach of implied warranty of merchantability. In discussing the standard of proof in negligence and breach of warranty actions, the Virginia Supreme Court has stated:

> The standard of safety of goods imposed on the seller or manufacturer of a product is essentially the same whether the theory of liability is labeled warranty or negligence. The product must be fit for the ordinary purposes for which it is to be used. There was an implied warranty of merchantability that the ... [product] was reasonably safe for its intended use. Under either the warranty theory or the negligence theory the plaintiff must show, (1) that the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands."

*Logan v. Montgomery Ward & Co.*, 216 Va. 425, 219 S.E.2d 685, 687 (1975). Products are "unreasonably dangerous" if they are (1) defective in assembly or manufacture; (2) imprudently designed; or (3) not accompanied by adequate warnings about their hazardous properties. *Butler v. Navistar International Transp. Corp.*, 809 F.Supp. 1202, 1206 (W.D.Va.1991), citing *Bly v. Otis Elevator Co.*, 713 F.2d 1040, 1043 (4th Cir.1983).

■ As is stated above, the defendants allege they are entitled to summary judgment on several grounds. The court finds that the defendants are entitled to summary judgment on the grounds that the products at issue were not "unreasonably dangerous" due to the open and obvious nature of any alleged defects. Accordingly, the defendants had no duty to warn Ms. Austin and her employer of the alleged defects. Although it is unnecessary to discuss the other grounds upon which the defendants have moved for summary judgment, it does not mean the other grounds are meritless.

Interpreting Virginia law, the Fourth Circuit has held that a manufacturer is not liable for defective design and the failure to warn where the hazard is open and obvious. *See, Spangler v. Kranco, Inc.*, 481 F.2d 373 (4th Cir.1973); *Marshall v. H.K. Ferguson Co.*, 623 F.2d 882 (4th Cir.1980). The Virginia Supreme Court has applied the open and obvious defense to defeat claims against retailers and grocery stores for damages stemming from allegedly defective food products. *Brockett v. Harrell Bros. Inc.*, 206 Va. 457, 143 S.E.2d 897 (1965); *Harris–Teeter, Inc. v. Burroughs*, 241 Va. 1, 399 S.E.2d 801 (1991). The Fifth Circuit, interpreting Mississippi law, has held that an injured worker claiming the lack of a mirror or back-up device on a forklift rendered the manufacturer liable under theories of negligence and strict liability in tort could not recover against the manufacturer because the danger was open and obvious to an ordinary user. *Batts v. Towmotor Forklift Co.*, 978 F.2d 1386 (5th Cir. 1992).

The Fourth Circuit case most analogous to the case at bar is *Spangler v. Kranco, Inc.*, 481 F.2d 373 (4th Cir.1973). In *Spangler,* the plaintiff was struck by an overhead pendant crane while working for a sub-contrac-

tor hired by the Reynolds Metals Company ("Reynolds"). The crane had been manufactured according to plans and specifications set forth by Reynolds. The plaintiff filed suit against Kranco, the manufacturer of the crane, alleging that Kranco was negligent in its failure to equip the crane with a bell or other warning device and that such failure rendered the crane inherently dangerous. The district court judge took the case from the jury, concluding that the evidence supported neither of the theories advanced by the plaintiff. On appeal, the Fourth Circuit, interpreting Virginia law, affirmed the judgment of the district court, stating:

> There was no defect in the crane itself nor in it any latent quality which caused Spangler's injury. True, there was no bell or warning device but the reasonable need for such equipment depended upon the environment in which it was used by Reynolds after it was received in Richmond. Assuming that its use in the construction phase required a warning device, such a hazard was open and obvious to Reynolds and its personnel and the responsibility rested upon them not upon Kranco.

*Id.* at 375. As "additional support" for its holding, the court cited the principle that a manufacturer is not liable in a products liability case if the product is manufactured according to the specifications of the purchaser, except when such plans are so obviously dangerous that they should not reasonably be followed. *Id.* The court stated that while the foregoing principle should not be used to immunize a manufacturer from liability in all cases, where the manufacturer reasonably relies upon the plans and specifications of the purchaser, as Kranco did in *Spangler,* and neither the National Safety Code nor the Occupational Health and Safety Act require such warning devices, the manufacturer should be immune from liability. *Id.*

■ The determination of whether an alleged defect is open and obvious is ordinarily reserved for the jury unless reasonable minds could not differ as to the conclusion. *Reid v. Capital Mach. Co.,* 1992 WL 144742, (4th Cir.1992), citing *Scott v. City of Lynchburg,* 241 Va. 64, 399 S.E.2d 809, 810 (1991).

Because the court finds that reasonable minds could not differ as to whether the alleged defects in the instant case were open and obvious, the issue cannot reach a jury.

## IV. *PLAINTIFF'S ARGUMENTS*

The plaintiff attempts to defeat the defendants' open and obvious argument by asserting: 1) that the alleged defects were not open and obvious to her, and 2) that the products in the case at bar were not made according to plans and specifications of the purchaser as was the case in *Spangler.* The court, however, is not persuaded by plaintiff's arguments.

### A.

Plaintiff's first argument is that the alleged defects were not open and obvious to her. The court disagrees. In *Spangler,* the court concluded that the lack of a warning device on the crane was open and obvious to Reynolds, *as well as to its personnel,* and thus, responsibility shifted to *them.* In *Marshall v. H.K. Ferguson Co.,* 623 F.2d 882 (4th Cir.1980), an employee tried to clear away a clog in a hops conveyor and was burned by the emission of steam. He sued the manufacturer of the hops conveyor, alleging defective design. The Fourth Circuit, however, affirmed the district court's order granting the manufacturer's motion for directed verdict, finding the hazard of such a pressure buildup was open and obvious to the purchaser/employer "and its operating personnel." *Id.* at 886. In *Higgins v. American Honda Motor Co.,* No. 92–1093, 1992 WL 212147 1992 U.S.App. LEXIS 21,073 (4th Cir. Sep't. 1, 1992), the Fourth Circuit, interpreting West Virginia law, affirmed the district court's grant of summary judgment in Honda's favor because the lack of safety features on an all-terrain vehicle was open and obvious. *Id.* 1992 WL 212147 at *3–*4, 1992 U.S.App. LEXIS 21,073 at *12.

In the case at bar, it should have been as open and obvious to Burlington and its employees that the forklift trucks did not have audible motion alarms, rear view mirrors, and the type of flashing light that plaintiff asserts the trucks should have been equipped

with, as it was to the purchaser/employers and operating personnel in the cases cited.

Additionally, it should have been open and obvious to Burlington and the plaintiff that the masts on the forklift trucks could obstruct forward vision. Charles Crocker, the safety manager at Burlington's corporate headquarters in Greensboro, North Carolina, stated in his deposition that masts present an obstruction in front of the operator when they are driving forward that limits visibility. Furthermore, Crocker stated that the Burlington forklift truck operators training program is geared to minimize, to the extent possible, problems caused by obstructed vision. Based on the above, even if the court were to assume the products at issue in the case at bar were defective due to a lack of safety devices or restricted visibility because of the K–D Manitou mast, the court finds that the hazards were open and obvious to Burlington and Ms. Austin. Accordingly, responsibility shifted from the manufacturers to Burlington and Ms. Austin.

### B.

In her second argument to defeat the defendants' open and obvious defense, plaintiff strives to distinguish the instant case from *Spangler* by asserting that the forklift trucks were not produced according to the purchaser/employer's plans and specifications as was the case in *Spangler.* The *Spangler* court, however, used the rationale that Kranco was not liable because the purchaser/employer had prepared the plans and specifications for the crane as "additional support" for its holding that the manufacturer was relieved from liability; the Fourth Circuit's court's holding was not dependent upon the fact that the crane was manufactured according to the plans and specifications set forth by Reynolds. Even if this court were to find that the forklift trucks and mast were not designed according to plans and specifications set forth by Burlington as plaintiff asserts, this court would still find that the plaintiff could not state a claim which would survive a motion for directed verdict based upon the open and obvious defense presented by defendants.

### C.

In addition to the fact that the alleged defects were open and obvious to Ms. Austin and Burlington, it is axiomatic that when a customer exercises an option to purchase a product without a safety feature, the manufacturer should not be held liable for damages which that safety feature may have prevented. *Butler v. Navistar Int'l Transp., Corp.*, 809 F.Supp. 1202, 1209 (W.D.Va.1991). In *Butler,* the district court granted summary judgment in favor of the defendant manufacturer of a tractor on which roll over protective systems were standard equipment, subject to a delete order. The court noted plaintiff's expert's testimony that, although he would have preferred to see roll over protection systems as standard equipment, "the ultimate requirement is whether ... [a roll over protection system is appropriate] ... in the [tractor's] application." *Id.* at 1209. Virginia law does not require manufacturers to force consumers to purchase the utmost in safety features; otherwise airbags and anti-lock brakes would be mandatory items rather than optional equipment. *Id.* In *Spangler,* the Fourth Circuit stated the reasonable need for warning equipment depended upon the environment in which it was used by the purchaser. In the case at bar, Burlington chose not to purchase and equip its forklift trucks with every available safety device. As the purchaser/employer, Burlington was in the best position to evaluate the need for such safety devices based on the environment in which the forklift trucks were used.

### V. *CONCLUSION*

Viewing the facts and all reasonable inferences in the light most favorable to the plaintiff, as the court must on a summary judgment motion filed by the defendant, the court concludes that there is no genuine issue of material fact as to whether the alleged defects in the manufacturers' products were open and obvious, and that the purchaser/employer, Burlington, was in the best position to evaluate the need for the safety devices at issue based on the environment in which they were to be used. Thus, the defendants' motions for summary judgment are

granted as to both the negligence and breach of warranty of merchantability claims. An appropriate order will be entered this day.