# Richmond

## THE KROGER GROCERY AND BAKING COMPANY v. MRS. C. L. DUNN.

April 26, 1943.

Record No. 2591.

Present, All the Justices.

The opinion states the case.

*Fred B. Gentry* and *Donald T. Stant*, for the plaintiff in error.

*George M. Warren, H. E. Widener* and *Curtin & Haynes*, for the defendant in error.

HOLT, J., delivered the opinion of the court.

This action, by notice of motion, was brought by Mrs. C. L. Dunn (plaintiff), against The Kroger Grocery and Baking Company (defendant), to recover damages for personal injuries suffered by the plaintiff as the result of ptomaine poisoning caused by eating ham purchased from defendant.

In this notice of motion it is charged that the defendant sold to the plaintiff meat over the counter—a ham impliedly representing it to be wholesome and fit for human

consumption. It is also charged that the defendant was grossly negligent in its handling of this commodity. It thus appears that there was joined an action on contract and one in tort. This should not be done. *Colonna* v. *Rosedale Dairy Co.*, 166 Va. 314, 186 S. E. 94; Burks Pleading & Practice (3rd Edition) Sec. 99, p. 201. A demurrer was interposed but was overruled by the court. This was error, but, as we shall presently see, it was harmless error.

At the conclusion of plaintiff's evidence, the defendant moved that it be stricken from the record. This motion the court in part sustained and said:

"The motion is to strike the plaintiff's evidence. The court is granting half of the relief asked for by that motion. The court is striking the evidence, or in effect striking the evidence by saying all the allegations on the theory of negligence should be stricken out of the notice of motion. That only leaves the allegation on breach of implied warranty, because the evidence is insufficient to sustain a recovery based on the theory of negligence—in fact there is no evidence whatever."

At that time counsel for the defendant stated to the court that they were not taken by surprise and not prejudiced by any ruling of the court on this subject, and that they were in a position to present all the evidence available on the issues thus joined. The motion to strike was renewed by the defendant when all the evidence was in. It was again refused. The court, however, safeguarding its ruling theretofore made, in Instruction X said:

"The court instructs the jury that all allegations in the notice of motion with reference to negligence have been withdrawn by the court from their consideration, and in their deliberations in the jury room they shall ignore any allegations in the notice with reference to a charge of negligence, and not take them into consideration in arriving at a verdict."

In *Bourne* v. *Richardson*, 133 Va. 441, 113 S. E. 893, this court, speaking through Kelly, P., said:

"A judgment ought not to be reversed for the admission of evidence or for a statement of counsel which the court afterwards directs the jury to disregard unless there is a manifest probability that the evidence or statement has been prejudicial to the adverse party. A different rule would result in fixing an intolerable handicap under the *nisi prius* courts."

Moreover, at the Bar of this court counsel for the defendant again conceded that they had not been prejudiced by the improper joinder of these two causes of action and that they had introduced all the evidence available on this subject.

The amount of plaintiff's recovery, $350, of itself indicates that the jury was not influenced by any improper motive or by the evidence stricken from their consideration. It discloses this state of facts:

The defendant is a corporation engaged principally in the operation of a chain of retail grocery stores and meat markets, one of which is located in Bristol, Virginia. The plaintiff operates a boarding house in the city of Bristol, Tennessee, and for a period of years purchased supplies from the defendant. On the .... day of November, 1940, she bought a Country Club ham from the Bristol, Virginia, store of defendant. It was purchased by her at approximately nine o'clock on Monday morning, and at two o'clock in the afternoon she personally prepared it for cooking and placed it in the oven at her home to bake. It was first served to boarders at the evening meal on Monday. She did not then eat of it and only one of the boarders who did was made sick. On Tuesday several of the boarders who then ate of it suffered from an attack of "cholera morbus." Those who did not partake made no complaint. In addition to the boarders mentioned, the daughter, the granddaughter and grandson of plaintiff, the cook and a boy named Dickey ate a portion of the ham and were made sick.

This case is controlled by *Colonna* v. *Rosedale Dairy Co.*, *supra*. In that case milk was sold infected with "Malta Fever" germs. We have no intention of changing anything

which was there said. The authorities which we cited in support of our conclusion speak for themselves. These excerpts are from that opinion:

"We hold that the doctrine of implied warranty must be applied and for these reasons: It is a rule of the common-law and that law is ours by inheritance; it is a salutary rule, and tends to promote the health of all the people. Pecuniarily the vendor may suffer, but at times the vendee's life itself is at stake, and generally the vendor has opportunities for information as to the wholesomeness of his foodstuff which the vendee cannot have. In business for profit he must bear the burden which the law puts upon him."

And again:

"1. A dealer who sells unwholesome foodstuff for immediate consumption is responsible for any ill effects which may follow therefrom. He is liable for the results of any negligent act of his which should reasonably have been anticipated by a prudent man, and he is also liable on an implied warranty."

This ham was sold over the counter for immediate consumption. The jury believed, and it had a right to believe, that it was infected with ptomaine poison. The plaintiff ate of it and was made desperately ill. There was an implied warranty that it was sound and fit for human consumption, which it was not.

The judgment complained of should be affirmed, and it is so ordered.

*Affirmed.*