## HIGBEE v. GIANT FOOD SHOPPING CENTER, Inc. et al.

### Civ. A. No. 613.

United States District Court
E. D. Virginia, Alexandria Division.
July 9, 1952.

George Bronfen, Arlington, Va., for plaintiff.

Armistead L. Boothe, Alexandria, Va., for defendants.

BRYAN, District Judge.

The Bobbi Company manufactured, and the Giant Food Shopping Center, Inc., retailed to the plaintiff, a preparation known as Bobbi to be used at home for putting a permanent wave ·in her hair. A few hours after employing it as directed in the accompanying instructions, she lost all of the hair to which it had been applied, about three fourths of her suit, the strands burning or breaking off from shoulder length to within a few inches of the scalp. In this action she sues the manufacturer and the retailer and has obtained a verdict of $4,000 against them. Liability of the manufacturer is predicated on negligence. That defendant now urges the want of any proof to sustain the verdict. Recovery of the other defendant is premised on breach of an implied warranty of wholesomeness. The retailer denies, as it did at the trial, the existence of any warranty. In the alternative, both ask a new trial, or at least a remittitur, for excessiveness of the award. Timely motions for directed verdicts or a new trial properly raise each of these points.

■ The preparation is in two parts, a lotion and a neutralizer, and packaged with it are a number of bobby pins. The process consists of putting the hair up with the pins, applying the lotion to the portion of the hair curled about the pins, and, after a short wait, the administration of the neutralizer. The latter is a powder and must be dissolved in water before it is put on the hair. When the plaintiff mixed· the neutralizer with the water she noticed that a "puff of smoke" arose. Notwithstanding her strict adherence to the directions for the use of the preparation, when she removed the bobby pins, all of the hair around the pins, as far up as the cosmetic had been applied, broke off and fell out.

A ·dermatologist was immediately consulted. His examination convinced him that the hair had been .burned off or destroyed by an excess of an alkali in the preparation. The evidence was sufficient to authorize the jury to find that the home permanent was dangerous or unwholesome and caused the loss of hair. Likewise there was adequate evidence to justify the finding that the presence of the injurious elements in the preparation was due to negligence in its manufacture.[1] Bobbi's motion for a directed verdict cannot be granted.

■ Giant argues that the Court erred in charging the jury that, though only the retailer, Giant impliedly warranted the preparation to be wholesome—that the ·Court should have directed a verdict for the absence in law of any such warranty. Giant emphasizes that the preparation was not its product, that the sale was of an original and sealed package, and that it was select-. ed by the plaintiff without any express warranty or recommendation of Giant, without knowledge by Giant of its contents, and without opportunity for previous inspection by Giant. In these uncontroverted circumstances, it is said, the law imposes no warranty, certainly not in thu absence, as in Virginia, of the Uniform Sales Act..

But the Court believes that principle, policy and precedent vindicate the charge as given. Primarily, it must be remembered that the warranty here implied is not one of quality, grade, or suitableness. It is that the article, which was sold for use upon the person, would not, by reason of. noxious ingredients or error in compounding, injure the human body when ·correctly and normally administered.

■ To begin with food warrants itself in law upon sale by a retailer.[2] This is so whether it is prepared by the retailer or is the canned, bottled or otherwise sealed product of another.[3] Logic will permit no distinction in this regard between articles to be consumed by the human body

1. Norfolk Coca-Cola Bottling Works v. Land, 189 Va. 35, 52 S.E.2d 85; Swift & Co. v. Blackwell, 4 Cir., 84 F.2d 130; Carter v. Yardley & Co., 319 Mass. 92, 64 N.E.2d 693, 164 A.L.R. 559.

2. Colonna v. Rosedale Dairy Co., 166 Va.

314, 186 S.E. 94; Kroger Grocery & Baking Co. v. Dunn, 181 Va. 390, 25 S.E. 2d 254.

3. Cushing v. Rodman, 82 F.2d 864, 870, with a comprehensive catalogue and review of the cases by Judge Stephens.

588

internally and those to be absorbed by it externally. The law should be no less solicitous of the outside of man than of his inside. On reason, cosmetics ought to be included with food in any rule or doctrine of law adopted for the protection of the health and safety of the public. Congress has done so in the Federal Food, Drug, and Cosmetic Act.[4]

To say there is no dependence of the buyer upon the retailer if the subject of the sale is a sealed product of another, is to ignore the most potent factor of every trader's success—the confidence and reliance of the public in him. Further, the retailer is not a mere conduit or an automaton in delivering products of another; he owes an obligation to his buyer. He is paid for assuming that obligation. While he cannot know what is in the package, neither can the buyer, and it is the seller who has brought the injurious article to the buyer. Moreover, the seller has recourse against the producer, and is generally better enabled to enforce such recoupment than is the consumer to obtain recovery of the manufacturer. Public policy requires that the buyer be allowed to seek reimbursement from the retailer.

■ This case is here on diversity of citizenship jurisdiction and we are bound by Virginia's decisional law. The precise point has not been passed upon by her court of last resort, but its utterances in food cases[5] forecast that it will also declare a warranty of wholesomeness to be implicit in every retail sale of cosmetics. Moreover, it would seem that the present decision might well be upheld on the broad warranty of fitness that Virginia imports in all sales of personalty.[6] Giant's motion for direction of the verdict cannot prevail.

■ Howbeit, the verdict clearly appraises the loss of the plaintiff too dearly. She has suffered no physical pain and no permanent disfigurement or other in-

jury. At most the defendants caused her an ephemeral embarrassment, unpleasant enough but otherwise wholly harmless. Nature in a few months fully restored the plaintiff's loss. Her financial outlay for care and cure was $45. An award of $4,000 on these facts is excessive as a matter of law. Adequate compensation to her would be $1,500. The verdict will be set aside and a new trial ordered, unless within 20 days of this date the plaintiff file, and serve upon defendant's counsel, a quittance of the amount of the verdict beyond $1,500.

---

4. 21 U.S.C.A. § 301 et seq.

5. Colonna v. Rosedale Dairy Co., supra, 166 Va. 314, 186 S.E. 94; Kroger Grocery Co. v. Dunn, supra, 181 Va. 390, 25 S.E.2d 254.

6. Gerst v. Jones, 32 Grat. 518; and consid-

er Ryan v. Progressive Grocery Stores, 255 N.Y. 388, 175 N.E. 105, 74 A.L.R. 339 wherein the N. Y. statute is but declaratory of the common law, as Judge Holt points out in Colonna v. Rosedale Dairy Co., supra.