## Staunton

GERTRUDE BROCKETT v. HARRELL BROS., INC., AND EARL H. ALECK,
INDIVIDUALLY AND TRADING AS EARL'S SUPERMARKET NO. 70.

September 10, 1965.

Record No. 6032.

Present, All the Justices.

*J. Cameron Mann* (*Israel Steingold; Steingold, Steingold & Chovitz,* on brief), for the plaintiff in error.

*Spencer Gill* and *William H. Hodges* (*Rixey & Rixey; Kellam & Kellam,* on brief), for the defendants in error.

Eggleston, C. J., delivered the opinion of the court.

Gertrude Brockett filed a motion for judgment against Harrell Bros., Inc., and Earl H. Aleck, individually and trading as Earl's Supermarket No. 70, to recover damages suffered while eating a portion of a smoked ham which she had purchased from Earl's Supermarket and which had been processed and packed by Harrell Bros., Inc. She alleged that while eating a portion of the ham her tooth struck and was broken by a "buckshot" embedded in the meat. She claimed that both of the defendants were liable to her for negligence in failing properly to process, inspect and pack the ham and also for the breach of their express and implied warranties of the fitness and suitability of the ham for human consumption.

The defendants filed separate grounds of defense, each denying that it or he was guilty of negligence which was a proximate cause of the plaintiff's injuries and each denying that it or he had made or breached any express or implied warranty. Each defendant alleged that the plaintiff was guilty of contributory negligence.

There was a trial before a jury and at the conclusion of all of the evidence the lower court struck the plaintiff's evidence both as to the express warranty and the implied warranty of each defendant. The case was submitted to the jury on the issue of the negligence of the defendants and the contributory negligence of the plaintiff and resulted in a verdict and judgment for the defendants. We granted the plaintiff a writ of error.

In her assignments of error the plaintiff does not question the action of the lower court in striking her evidence as to the lack of express warranty on the part of either defendant. Nor does she attack the sufficiency of the evidence to sustain the verdict of the jury on the issue of the defendants' negligence and her contributory negligence. She insists that upon the evidence submitted both defendants impliedly warranted to her the wholesomeness of the food product and that it was for the jury to say whether either or both of the defendants were liable to her for the breach of their respective implied warranties.

The evidence is not in dispute. On August 3, 1963 the plaintiff purchased from the defendant, Earl H. Aleck, trading as Earl's Supermarket No. 70, at Chesapeake, a packaged part of a smoked ham which when sold to her was wrapped in cellophane and closed with a piece of red tape. This ham had been purchased by the supermarket from Harrell Bros., Inc., a processor of meats. The ham was one of four or five which were delivered by the processor to the supermarket in a cardboard container, each ham being wrapped separately in a cloth bag. After these hams had been received they were cut in half by the supermarket and each portion wrapped separately.

The plaintiff baked the ham on the day it was purchased. In preparing it she noticed some "black spots" under the skin, but thought they were cloves. Several days later when she was eating a sandwich made of a portion of the ham her tooth was broken when it struck an object embedded in the meat. Upon examination she found the object to be lead pellet or shot. She returned the portion of the ham not eaten to the supermarket where it was examined by the defendant, Aleck, and the manager of the store. They found two or three pellets embedded in the ham. The supermarket gave the plaintiff another portion of a ham in place of that which she had purchased.

On the issue of negligence of the defendants there was evidence that the hog from which this ham came, along with others, had been properly slaughtered, cleaned, cured, inspected and packed. There was also evidence that the portion sold to the plaintiff by the supermarket had been carefully inspected before delivery to her. However, since such evidence is not material to the issue of implied warranties of the defendants and the breach thereof, with which we are here concerned, it need not be related.

These critical issues are presented to us: (1) Was there an implied warranty by the processor, Harrell Bros., Inc., to the plaintiff that this food product was wholesome, fit for human consumption and free of harmful substance? If so, was there sufficient evidence to go to the jury as to whether there was a breach of such implied warranty? (2) Was there a similar implied warranty by the retailer supermarket to the plaintiff, and if so, was there sufficient evidence to go to the jury as to whether there was a breach of such warranty?

In *Swift & Company* v. *Wells*, 201 Va. 213, 110 S.E. 2d 203, we held that "where a manufacturer of food for human consumption

sells such food, in sealed containers or packages, to a retailer, who in turn sells it to a consumer, and the consumer upon eating it suffers damage in consequence of impurities in the product, shown to have existed therein before it left the manufacturer's hands, the manufacturer is liable to the consumer on its implied warranty of wholesomeness of the food, and the consumer may recover against the manufacturer for damages suffered, irrespective of a lack of privity of contract between the manufacturer and the consumer. This permits the placing of the loss occasioned upon the manufacturer who is in the best position to prevent the production and sale of unwholesome food." 201 Va. at 221, 110 S.E. 2d at 208, 209. We based that holding upon the principle that such implied warranty of fitness is imposed by operation of law as a matter of public policy for the protection of health and life. 201 Va. at 220, 110 S.E. 2d at 208.

In that case the retailer sold and delivered the food product to the consumer in the sealed container in which it had been placed by the manufacturer, while in the present case the retailer removed the food product from the original container and sold and delivered a portion of it to the consumer. The question presented is whether in the present case there was a like implied warranty by the manufacturer to the consumer that the food product was wholesome and fit for human consumption. We hold that there was.

As pointed out in the *Wells* case, we have followed the common-law doctrine that one who sells foodstuff for human consumption impliedly warrants its fitness and wholesomeness to one in privity of contract with the vendor. 201 Va. at 217, 110 S.E. 2d at 206, and authorities there collected. Implicit in the warranty that the food is fit for human consumption is the warranty that it is free of foreign substances. Annotation: 77 A.L.R. 2d, p. 79.

In the *Wells* case, as has been said, we held that lack of privity of contract did not preclude a recovery by the consumer of the manufacturer where the food product was sold by the retailer to the consumer in the sealed package in which it had been placed by the manufacturer. If, as is said in that case, as a matter of public policy, an implied warranty of fitness is imposed by operation of law upon a manufacturer who sells food in a sealed container to a retailer who in turn sells it to a consumer, we perceive no reason why the same warranty of fitness, with the same force and effect, is not imposed on a manufacturer who sells a food product processed by him and sold by the retailer after its removal from the original

container. The underlying purpose is the same in each instance, that is, to require a person who sells or purveys articles of food to insure their being wholesome and fit for human consumption. 36A C.J.S., Food, § 57, p. 902; 22 Am. Jur., Food, § 96, p. 880.

We have found no authority to support the view that the implied warranty of the manufacturer is limited to a purchase by the consumer in the original package in which the product has been placed by the manufacturer. It is true that if the product is removed by the retailer from the original package in which it was placed by the manufacturer and thereafter sold to the consumer, it is more difficult to prove that the unwholesomeness or unfitness existed in the product at the time it left the possession of the manufacturer than it is where the retailer has sold it in the original package. But difficulty of proof of the breach of warranty does not negate the existence of the warranty or limit its effect.[1]

However, it is not necessary that we decide whether the doctrine of the *Wells* case should be extended by common-law principles to the circumstances of the present case. This has been accomplished by legislative enactment. By Acts of 1962, ch. 476, p. 804 (Code, 1964 Cum. Supp., § 8-654.3), it was provided:

"Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods; however, this section shall not be construed to affect any litigation pending at its effective date."[2]

The obvious purpose and effect of this statute, which was in force at the time of the incident with which we are concerned, is to insure the implied warranty of fitness by the manufacturer to the consumer, despite the lack of privity between the two.

We hold that the processor, Harrell Bros., Inc., impliedly warranted that at the time it delivered the ham to the defendant supermarket this food product was wholesome, fit for human consumption and free of foreign and deleterious substances, and that the plaintiff may recover of this defendant damages for a breach, if any, of that warranty.

---

[1] See comment of Dean Hardy C. Dillard on the effect of "Sealed Containers" in such cases. 46 Virginia Law Review, p. 1631.

[2] This section was repealed by Acts of 1964, ch. 219, p. 413, and has been superseded by § 8.2-318 of the Commercial Code, effective on January 1, 1966.

Since the ham was not in a sealed container furnished by the processor, the plaintiff had the burden of showing that the foreign matter was in the food product at the time of its delivery by the processor to the defendant supermarket. It was for the jury to say whether the fact that some of the lead pellets were deeply embedded in the ham would warrant a finding that they were there when the ham was processed by Harrell Bros., and later sold and delivered by it to the supermarket. In short, it was a jury question whether there was a breach of the implied warranty of fitness imposed by law on the defendant, Harrell Bros., Inc.

It also follows from what has been said that there was an implied warranty of fitness and wholesomeness of this food product by the vendor supermarket to the vendee plaintiff, and that the plaintiff may recover of this defendant damages for a breach, if any, of that warranty. Under the evidence it was for the jury to say whether this foreign substance of which the plaintiff complains was in the food product at the time that the supermarket sold and delivered it to her.

For these reasons, we hold that the lower court erred in striking the plaintiff's evidence and not submitting to the jury the issues as to whether there was a breach of the implied warranties of fitness of the food product imposed by law on both of the defendants.

Inasmuch as the question may arise at a new trial as to whether contributory negligence, if any, of the plaintiff is material to the issues there to be presented, we deem it appropriate that that question be settled on this appeal.

There is a conflict of authority as to whether contributory negligence is a proper defense in an action for breach of implied warranty of fitness. The majority view is that since the action is *ex contractu*, contributory negligence as a defense has no place therein. Other courts take the view that since such an action has its origin in tort, contributory negligence is a proper defense. For a discussion of the subject see, 1 Frumer and Friedman, Products Liability, § 16.01[3], p. 367 *ff.*; Restatement of the Law of Torts, 2d Ed., § 402A-n, p. 356; *Dallison* v. *Sears, Roebuck & Co.*, 10 Cir., 313 F. 2d 343; *Simmons* v. *Wichita Coca-Cola Bottling Co.*, 181 Kan. 35, 309 P. 2d 633; *Gardner* v. *Coca-Cola Bottling Co.*, 267 Minn. 505, 127 N.W. 2d 557. A collection of cases on both views is found in 77 C.J.S., Sales, § 357, p. 1266, and supplement. See also, Annotation: 77 A.L.R. 2d, pp. 65, 66.

We adopt the majority view since that is more in accord with our

concept of the nature of the action. In actions for damages for the sale of unwholesome foodstuffs we have recognized the distinction between those based on negligence and those based on breach of implied warranty of fitness. The latter we have consistently regarded as action *ex contractu*. *Kroger Grocery & Baking Co.* v. *Dunn*, 181 Va. 390, 392, 25 S.E. 2d 254, 255; *Blythe* v. *Camp Manufacturing Co.*, 183 Va. 432, 434, 32 S.E. 2d 659, 660; *Swift & Company* v. *Wells, supra*, 201 Va. at 217, 110 S.E. 2d at 206. Consequently, we hold that the contributory negligence of the plaintiff will not be material on the issue of the defendants' breach of implied warranty of fitness to be submitted at a new trial.

However, if the condition of the ham of which the plaintiff complains was known, visible or obvious to her, there was no liability on an implied warranty of fitness by the defendants, or either of them, to her. 77 C.J.S., Sales, § 315, p. 1157, and cases there collected. See also, 1 Frumer and Friedman, Products Liability, § 19.01[3], p. 488. This is so because the presumption is that the plaintiff contracted to buy this food product in its obvious or known condition. *Lunsford* v. *Malsby*, 101 Ga. 39, 28 S.E. 496, 497.

The judgment appealed from is reversed and the case remanded for a new trial in accordance with the principles here stated.

*Reversed and remanded.*