# Harris-Teeter, Inc.

## v.

# Esther S. Burroughs

Record No. 900454

January 11, 1991

Present: All the Justices

2

*Frank O. Meade (Frank K. Friedman; Woods, Rogers & Hazlegrove*, on briefs), for appellant.
*Henry G. Crider (Shupik & Crider*, on brief), for appellee.

CHIEF JUSTICE CARRICO delivered the opinion of the Court.

On December 22, 1988, the plaintiff, Esther S. Burroughs, filed this negligence action against the defendant, Harris-Teeter, Inc., seeking damages for personal injuries allegedly sustained by the plaintiff when she swallowed a plastic ornament used by the defendant to decorate a birthday cake. A jury returned a verdict in favor of the plaintiff for $20,000. The trial court entered judgment on the verdict, and we awarded the defendant an appeal.

The evidence shows that the defendant operates a grocery store in Danville. On December 27, 1986, the plaintiff's daughter-in-law, Vicki Burroughs, ordered a sheet cake from the store for her twins' sixth birthday party, to be held on that evening. She directed the store to place "nothing else" on the cake but "icing . . . with the rainbow design" because she wanted to use her own plastic "care bear" decorations.

Vicki picked up the cake at the defendant's store and took it to her home. Upon examination, she found on the cake two plastic birds, whitish in color, resting on the white "clouds" that formed a part of the cake's design. Vicki left the plastic birds on the cake and added candles and her own "care bear" ornaments.

Before serving the cake at the birthday party, Vicki removed the candles and the "care bears" but not the plastic birds. The participants consumed approximately three-quarters of the cake, leaving the top portion, where the plastic birds were located. The remainder was returned to the box and placed on a counter in Vicki's kitchen. Vicki served a piece of the cake to her uncle when he visited her the next day.

Two days after the party, the plaintiff visited Vicki's home, accompanied by her granddaughter, Annette Pruitt. At Vicki's invitation, Annette cut two pieces of the cake, placed them on paper

towels, and handed one to the plaintiff. Neither Annette nor the plaintiff saw anything on the cake other than the icing.

The plaintiff put the piece of cake in her mouth and swallowed it whole, without chewing it.* She knew there was a "problem . . . [a]s soon as she swallowed it." She said "something [was] in that cake" and went to the kitchen to get a drink of water. Some three to four weeks later, she consulted a physician. She underwent surgery, and a white plastic bird one inch long and one and one-half inches wide was removed from her colon.

As noted previously, negligence is the basis of the plaintiff's claim against the defendant. The plaintiff's theory of the case is that the defendant was negligent because it "created an unreasonably dangerous situation by [furnishing] small, firm plastic ornaments of the same color as [the cake's] icing to a consumer who had not requested them."

As this quotation indicates, the plaintiff argues that Vicki Burroughs did not request the defendant to decorate the cake with white plastic birds. We cannot conceive, however, of any possible way the outcome of this case would be affected by the fact the defendant furnished the plastic birds of its own volition. Accordingly, we reject this argument as meritless.

The plaintiff also argues that a plastic bird was embedded within the cake at the time it left the defendant's store. But when the plaintiff asked a store co-manager on cross-examination whether it was "conceivable that one of [his] people pushed a bird . . . right through the icing" of the cake, the defendant objected on the ground "no . . . evidence indicates that at all," and the trial court sustained the objection. The plaintiff has not assigned cross-error to the ruling. Hence, we will not consider the plaintiff's argument on this point. Rule 5:25.

This leaves as the sole question in the case whether it was negligence for the defendant to place plastic birds, whitish in color, on "clouds" formed by icing of the same coloration. With respect to the burden of proof on such a question, we said in *Brockett* v. *Harrell Bros., Inc.*, 206 Va. 457, 462, 143 S.E.2d 897, 901-02 (1965), that where a plaintiff allegedly suffers injury from

---

* The defendant maintains that the piece of cake the plaintiff consumed was two and one-half inches square. However, when asked on cross-examination whether the piece of cake was that size, the plaintiff responded by saying she did not know. When asked whether she had said on deposition the piece of cake was two and one-half inches square, she said she did not "remember saying that."

a deleterious substance in food, the burden is on the plaintiff to show that the food product contained foreign matter at the time the retailer sold and delivered the product to the consumer.

■ While *Brockett* is an implied warranty case, the burden of proof is the same although, as here, the claim is based upon negligence. *Logan* v. *Montgomery Ward*, 216 Va. 425, 428, 219 S.E.2d 685, 687 (1975) (plaintiff injured in explosion of gas stove; evidence insufficient to establish either negligence or breach of warranty). We said in *Logan* that the burden requires the plaintiff to show "(1) that the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands." *Id.*

■ We do not think the plaintiff proved either that the plastic birds constituted foreign matter within the meaning of *Brockett* or that the birds' placement on the white icing of the cake created an unreasonably dangerous condition within the meaning of *Logan*. It is clear from the record that the birds were in plain view at the time the cake was delivered to Vicki Burroughs. Hence, at that time, the placement of the birds did not pose a threat of danger to anyone and their presence did not constitute foreign matter any more than the plastic "care bears" Vicki Burroughs added to the cake's decorations.

■ It was the duty of the defendant to see that the food product it sold and delivered to Vicki Burroughs was free from foreign matter and otherwise fit for human consumption. So far as this record discloses, the defendant's use of plastic birds in decorating the cake represented nothing more than a normal, every-day practice, devoid of any suggestion of negligent conduct. Hence, under the circumstances of this case, it cannot be said that the defendant breached any duty it owed Vicki Burroughs or her guests.

For the reasons assigned, we will reverse the judgment of the trial court, set aside the jury verdict, and enter final judgment here in favor of the defendant.

*Reversed and final judgment.*