**Marion G. GOLDMAN, Plaintiff,**

v.

**FOOD LION, INC., Defendant.**

**Civ. A. No. 2:94cv870.**

United States District Court,
E.D. Virginia,
Norfolk Division.

March 1, 1995.

---

**3.** The first sentence of Fed.R.Civ.P. 14 is identi-  cal, save words peculiar to federal practice.

34

Louis B. Fine, Lewis Allen, Fine, Fine, Legum & Fine, Virginia Beach, VA, for plaintiff.

Robert W. McFarland, David M. Young, McGuire, Woods, Battle & Boothe, Norfolk, VA, for defendant.

## OPINION AND ORDER

PRINCE, United States Magistrate Judge.

### I. *Nature of the Case*

This action arose when plaintiff bit into a portion of a peach pit contained in a can of peaches she purchased from defendant, causing injury to her teeth, mouth, and throat. Plaintiff claims that the presence of the pit was a breach of the implied warranty of fitness for human consumption made by defendant as a retailer. Plaintiff originally filed the action in August 1994 in the Circuit Court of the City of Chesapeake, and it was removed to this Court in September based upon diversity of citizenship jurisdiction as authorized by 28 U.S.C. § 1332(a)(1).

On November 15, 1994, the Court entered an order resolving the issue of plaintiff's request for a jury trial. Subsequently, defendant filed a Motion for Summary Judgment on February 7, 1995, to which plaintiff responded and filed her own Motion for Summary Judgment on February 21. Defendant replied on February 23. During the Final Pretrial Conference on February 24, the parties consented to have a Magistrate Judge conduct all proceedings in the case, including the trial, and order the entry of final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The Court then held a hearing on the parties'

motions immediately following the Final Pretrial Conference. Louis B. Fine, Esquire and Lewis Allen, Esquire appeared on behalf of plaintiff; and David M. Young, Esquire appeared on behalf of defendant.

## II. *Facts*

The following are undisputed facts. On November 9, 1993, plaintiff purchased a can of Food Lion brand[1] "Yellow Cling Peach Halves in Heavy Syrup" from one of defendant's stores. She opened the can that day at home, and began eating the peaches directly from the can with a spoon. After taking her first bite of a portion of a peach half, plaintiff experienced pain and bleeding from her front and side teeth, gums, and throat. Several of her prosthetic lower front teeth broke off, and she spat out a one-half inch piece of peach pit, along with the teeth, onto a plate. Plaintiff had not noticed the peach pit before taking the bite.[2]

## III. *Conclusions of Law*

### A. *Standard of Review*

■ Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). For the evidence to present a "genuine" issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Facts are deemed material if they might affect the outcome of the case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *cert. denied,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). In other words, the moving party's submission must foreclose the possibility of the existence of facts from which a jury could make inferences favorable to the non-movant. *Id.*

■ In deciding a summary judgment motion, the court must view the record as a whole and in the light most favorable to the non-moving party. *Terry's Floor Fashions, Inc. v. Burlington Indus.,* 763 F.2d 604, 610 (4th Cir.1985). Either party may submit as evidence "pleadings, depositions, answers to interrogatories, and admissions on file, together with ... affidavits" to support or rebut a summary judgment motion. Fed. R.Civ.P. 56(c).

### B. *Discussion*

With the exception of the position and obviousness of the pit in the peach half plaintiff bit, the turn of events leading up to plaintiff's injuries are not in dispute. Plaintiff sues under a theory of breach of implied warranty, so the Court must decide if these undisputed facts allow the Court to enter summary judgment under that doctrine in favor of either party. The Court concludes that they do not.

■ The standard Virginia applies in a breach of implied warranty case involving food is not clear. Defendant claims that there are two tests, the "foreign/natural substance" and the "reasonable expectation" tests,[3] and attempts to pigeon-hole Virginia's cases into one or the other, preferably to defendant the foreign/natural test. Plaintiff responds that Virginia definitely does not use the foreign/natural test, and explains how the reasonable expectation test does not necessarily prohibit recovery if the harmful substance is natural to the food, citing other states' cases. Neither party recognizes that Virginia courts really have not espoused either of these tests.

---

**1.** Plaintiff does not sue defendant as manufacturer of the product.

**2.** The issue of the extent of damages caused by this incident is in dispute. Plaintiff's attorney stated at the hearing that plaintiff seeks summary judgment on the liability issue alone, and asks for further proceedings on damages. Accordingly, the Court will not address damages in this Order.

**3.** The foreign/natural test does not impose liability if the substance that caused the harm is natural to the food. The reasonable expectation test does not impose liability if the plaintiff could have reasonably expected the harmful substance to be present in the food. *See* Jane M. Draper, Annotation, *Liability for Injury or Death Allegedly Caused by Food Product Containing Object Related To, But Not Intended To Be Present In, Product,* 2 A.L.R.5th 189 § 2[a] (1994).

■ The Virginia Supreme Court stated in 1965 that "one who sells foodstuffs for human consumption impliedly warrants its [sic] fitness and wholesomeness. . . . Implicit in the warranty that the food is fit for human consumption is the warranty that it is free of foreign substances." *Brockett v. Harrell Bros., Inc.*, 206 Va. 457, 143 S.E.2d 897, 900 (1965) (citations omitted). The court restated the standard as whether the "food product was wholesome, fit for human consumption and free of foreign *and deleterious* substances." *Id.* 143 S.E.2d at 901 (emphasis added). This is not an adoption of a strict foreign/natural test. The court was faced with lead shot pellets in a ham, so it naturally mentioned that there can be no foreign substances in food, but the court also stated that there can be no "deleterious" substances and repeated the general standards.[4] The very next year, the court cited *Brockett* and referred to the history of the "implied warranty of wholesomeness," with no further definition. *Levy v. Paul*, 207 Va. 100, 147 S.E.2d 722, 725 (1966). Similarly, in the most recent case on this issue, the Virginia Supreme Court held that "[i]t was the duty of the defendant to see that the food product it sold and delivered to [the plaintiff] was free from foreign matter *and otherwise fit for human consumption.*" *Harris–Teeter, Inc. v. Burroughs*, 241 Va. 1, 399 S.E.2d 801, 802 (1991) (emphasis added). The quotation defendant cites, that "the burden is on the plaintiff to show that the food product contained foreign matter at the time the retailer sold and delivered the product to the consumer," *id.*, is taken out of context. The court was speaking in terms of proof in that case, where the harmful substance was foreign to the food (a plastic bird on a birthday cake), not the burden on a plaintiff in a natural substance case. Again, when given the opportunity to adopt one of the tests explicitly in a case dealing with foreign matter, the Virginia high court chose to remain with a general test. Defendant's citation of ten other Virginia cases, none of which impose liability for injuries caused by natural substances, is helpful. However, the Court's

examination of those cases reveals that none of them adopted either test, and all of them used a test of general fitness for consumption or negligence. *E.g., Blythe v. Camp Mfg. Co.*, 183 Va. 432, 32 S.E.2d 659, 661 (1945) (citing *Colonna v. Rosedale Dairy Co.*, 166 Va. 314, 186 S.E. 94 (1936)). In addition, Va.Code Ann. § 8.2–314 (Michie 1991), which plaintiff cites, simply sets forth the U.C.C. standard for the implied warranty of merchantability, and does not speak to this specific issue. Virginia's standard for a breach of implied warranty in food cases seemingly remains fitness for human consumption, without the aid of either of the common tests.

■ Given the language of Virginia's standard, the Court cannot find as a matter of law that Virginia's implied warranty of fitness for human consumption has or has not been breached. It is a question of fact, one that the parties vigorously dispute, making an entry of summary judgment for either party improper. *See Medallion Wine Corp. v. Legum*, 158 F.2d 428 (4th Cir.1946) (question of breach of Maryland's implied warranty of merchantability is one of fact); *Foyle v. Lederle Lab.*, 674 F.Supp. 530, 534–35 (E.D.N.C.1987) (same under North Carolina law); *Medcom, Inc. v. C. Arthur Weaver Co.*, 232 Va. 80, 348 S.E.2d 243, 246 (1986) ("the evidence relating to an implied warranty and breach thereof was conflicting and should have been submitted to the jury. . . ."); *McNeir v. Greer–Hale Chinchilla Ranch*, 194 Va. 623, 74 S.E.2d 165, 168 (1953). Even though the facts leading up to plaintiff's injury largely are not in dispute, whether they amount to a breach of the implied warranty by defendant is a question of fact that should be left to the fact-finder. As an illustration, whether the peach pit was concealed or obvious, a fact which the parties do dispute, may play an important role in the fact finder's decision on whether the peaches were fit for human consumption, regardless of the natural character of the substance. The disputed question of breach, as the definitive material issue of fact, precludes an entry of summary judgment for either party.

---

4. "Deleterious" is defined as "[h]urtful, morally or physically; injurious, as influence; poisonous; unwholesome." Black's Law Dictionary 426

(6th ed. 1990). As shown by the facts of this case, there are substances natural to foods that can be "deleterious."

Noting the absence of a Virginia choice of test, and the states' trend toward the reasonable expectation test, as plaintiff points out, this Court could hold that Virginia courts probably will adopt that rule in the future and apply it in this case. *See, e.g., Yong Cha Hong v. Marriott Corp.*, 656 F.Supp. 445, 448 (D.Md.1987) (citing *Wilson v. Ford Motor Co.*, 656 F.2d 960 (4th Cir.1981)). However, it is not necessary to do so. A question of the reasonable expectation of a consumer in this situation is also one of fact, even if the substance is natural. *Yong Cha Hong*, 656 F.Supp. at 448–49. Whether Virginia's test will be one of reasonable expectation, or whether it will remain a general fitness standard, the result on these motions is the same.

For the reasons stated above, plaintiff's motion for summary judgment is DENIED, and defendant's motion for summary judgment is DENIED.