**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARION G. GOLDMAN,
Plaintiff-Appellee,

v.                                                                    No. 95-1877

FOOD LION, INCORPORATED,
Defendant-Appellant.

MARION G. GOLDMAN,
Plaintiff-Appellant,

v.                                                                    No. 95-1880

FOOD LION, INCORPORATED,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
William T. Prince, Magistrate Judge.
(CA-94-870-2)

Argued: September 26, 1996

Decided: October 31, 1996

Before HALL, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Michael Young, MCGUIRE, WOODS, BATTLE
& BOOTHE, L.L.P., Norfolk, Virginia, for Appellant. Henry Lewis

Allen, Louis Bernard Fine, FINE, FINE, LEGUM & FINE, Virginia Beach, Virginia, for Appellee. **ON BRIEF:** Robert W. McFarland, Charles G. Meyer, III, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Norfolk, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In November 1993, Marion Goldman purchased a can of Food Lion brand peach halves at a Food Lion supermarket in Chesapeake, Virginia. When she ate the peaches, she bit down on a peach pit fragment, fracturing her lower denture and causing her additional injury.

In her complaint filed against Food Lion, Goldman alleged that in selling the can, Food Lion breached an implied warranty "of fitness for human consumption." The parties submitted the case to a magistrate judge to decide, inter alia, whether the sale of peach halves with a pit fragment in them violated §§ 8.2-314(2)(c) and (f) of the Virginia Code (Virginia's version of the Uniform Commercial Code). The magistrate judge found that the peach pit fragment included with pitted peach halves rendered the peaches unfit for human consumption. Finding that Goldman reasonably incurred $12,000 in medical expenses as a result of the injury, the magistrate judge rendered a verdict in her favor for $20,000.

On appeal, Food Lion contends principally that the magistrate judge applied the wrong standard to find a breach of warranty under Virginia law. It maintains,

> The district court imposed a strict liability standard for injuries caused by food products to customers. . . . This ruling does not conform to Virginia law, which imposes liabil-

2

> ity on the retailer of a food product <u>only for matter which is foreign and deleterious</u>, and thereby causes injury to a customer. Virginia law does not render a retailer strictly liable for injuries caused by its food products.

[Emphasis added]. We believe that this argument, however, misconstrues Virginia law. It also misconstrues the magistrate judge's ruling.

The Uniform Commercial Code's imposition of warranty liability includes an aspect of strictness in that no showing of fault is required to prove a breach of warranty. This is made explicit by the language of the Code, the applicable sections of which provide:

> (1) [A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . . (2) Goods to be merchantable must be at least such as . . . pass without objection in the trade under the contract description; and . .. are fit for the ordinary purposes for which such goods are used.

Va. Code § 8.2-314; <u>cf</u>. <u>Brockett v. Harrell Bros., Inc.</u>, 143 S.E.2d 897, 900 (Va. 1965) (Virginia common law before U.C.C. included implied warranty that foodstuff is fit for human consumption). While the presence of foreign matter in food might render food unfit, as argued by Food Lion, the statutory text is not so limited. Rather, to be merchantable, food must pass without objection in the trade under the contract description and must be fit for the ordinary purposes for which the food is used. Thus, cherry pie, for example, usually includes pitted cherries, whereas a roasted leg of chicken includes bones. Whether the inclusion of pits or bones in processed food passes without objection in a sale of that food or renders the food unfit thus becomes a question for the factfinder to decide.

In the case before us, we believe that there was adequate evidence for the magistrate judge to conclude that the sale of peach halves with a peach pit fragment sufficiently large to cause injury violates § 8.2-314 of the Virginia Code.

Food Lion also contends that $12,000 was an unreasonable medical expense because it included replacement of Goldman's upper denture

3

which had not been broken. This argument, however, overlooks the testimony at trial that when the lower denture was replaced, the treating doctor concluded that the upper denture also had to be remade in order to provide a proper fit. When evidence is presented to support the factual conclusion that $12,000 was necessary to repair Goldman's dentures, it is within the factfinder's purview to conclude that $12,000 was reasonable.

Finally, Food Lion contends that causation was not established because Goldman failed to present expert testimony on the issue. The magistrate judge concluded, however, that he could find, even without expert testimony, that the pit fragment caused the injury when Goldman bit down on a hard object, heard a crack, experienced pain, began to spit blood, and recovered the pit fragment from her mouth. We agree. Causation in the circumstances of this case is apparent from the facts presented and common sense. The magistrate judge's finding was factual, and we do not find clear error.

On cross-appeal, Goldman argues that the magistrate judge should have awarded damages for her humiliation in having no dentures while her fractured denture was being repaired. The magistrate judge concluded, however, that Goldman suffered no humiliation as a result of the incident in this case. He stated that Goldman had frequently gone without dentures before the incident in this case. "She was experiencing humiliation and unhappiness because of some other reason beforehand." Taking Goldman's pain and suffering into account, the magistrate judge concluded, "I think that a fair amount award for this entire matter is, and I find damages in the amount of, $20,000." We find no clear error in this finding.

The judgment of the district court is

AFFIRMED.

4