Present:   All the Justices

MICHAEL W. GARRETT

                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 982345              September 17, 1999

I. R. WITZER CO., INC., ET AL.

              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        Robert B. Cromwell, Jr., Judge

     In this appeal, we consider whether a plaintiff

established a prima facie case of negligence and breach of

warranty against a manufacturer and a seller of a product.

     The plaintiff, Michael W. Garrett, filed his motion for

judgment against I. R. Witzer Company, Inc. ("Witzer

Company"), Tidewater Mack, Inc. ("Tidewater Mack"), and

Hydraulic Service Company, Inc.  The plaintiff settled his

claims against Hydraulic Service Company, which was dismissed

with prejudice from the case.  The plaintiff proceeded to

trial against the remaining defendants.  At the conclusion of

the plaintiff's case, the defendants made a motion to strike

the plaintiff's evidence.  The circuit court took the motion

under advisement, and the defendants renewed their motion at

the conclusion of their case.  The court granted the

defendants' motion and entered a final judgment.  Plaintiff

appeals.

     In reviewing the circuit court's decision to strike the

plaintiff's evidence, we must consider the evidence and all

reasonable inferences deducible therefrom in the light most favorable to the plaintiff.  Additionally, any reasonable doubt as to the sufficiency of the evidence must be resolved in favor of the plaintiff.  Gossett v. Jackson, 249 Va. 549, 550, 457 S.E.2d 97, 98 (1995).

Defendant, Witzer Company, manufactured a lowboy trailer, which is used to transport heavy construction equipment.  The trailer is capable of transporting a maximum capacity of 35 tons of equipment.  The trailer is equipped with a hydraulic cylinder unit which is used to raise and lower the height of the trailer.  The hydraulic cylinder is attached to the trailer with a metal pin, which extends through the clevis of the hydraulic cylinder to support plates affixed to the trailer.

Tidewater Mack sold the trailer to W. B. Goode Co., Inc. ("Goode"), a construction company, on October 29, 1990.  Goode accepted delivery of the trailer on November 5, 1990.  Goode's employees began to use the trailer to transport heavy equipment after its delivery.

Garrett began his employment with Goode on March 4, 1991, about four months after Goode had accepted delivery of the trailer.  Garrett's duties included the operation of heavy equipment.  Garrett was required to load the equipment onto

the trailer when transporting the equipment to and from job sites.

On March 27, 1992, Garrett finished his work at a job site, and he "loaded" an excavator on the trailer. He "backed [his] truck . . . up to the trailer." After Garrett had elevated the trailer bed, the pin in the hydraulic unit failed, and the trailer fell on Garrett's right foot.

Daniel W. Smith, who testified on behalf of Garrett, qualified as an expert witness knowledgeable on the subject of mechanical engineering. Smith testified that the cylinder on the trailer failed because the pin was too small. Smith measured the diameter and length of the pin and examined the pin's curvature. He also performed tests on the pin to determine the strength or "hardness" of the metal. He determined that the pin was constructed of "some sort of mild steel." He made calculations based upon his measurements, and he opined that "[t]he pin [was] undersized for the conditions, the geometric conditions that exist[ed] between the pin and the plates."

Garrett testified that the pin, which was in the cylinder when the accident occurred, was the same pin that he saw in the trailer's hydraulic cylinder within a few days of his employment in March 1991. Garrett testified that the pin was secured on one end by a bolt and two nuts and on the other end

by a washer that had been welded to the pin.  The pin was chamfered on one end.

The defendants presented evidence that the pin which was in the cylinder at the time of Garrett's accident was not the same pin that was in the trailer at the time it was delivered to Goode.  John C. Doub, president of Tidewater Mack, testified that he was the salesman who sold the trailer to Goode.  Doub inspected the trailer before and after he sold it to Goode.  Doub stated that the pin that was in the hydraulic unit at the time of sale was "shear cut" or "smooth."  The pin that was in the trailer at the time of sale did not have a washer welded to its end.  The hydraulic unit, which was a part of the trailer that Tidewater Mack sold to Goode, was painted red, but the hydraulic unit involved in the accident was a different color.  Samuel R. Witzer, an employee of Witzer Company, testified that Witzer Company's employees used bolts with single-nyloc nuts to retain the pin in contrast to a bolt with double nuts that was used to contain the pin that was in the cylinder when the accident occurred.

Garrett argues that he presented sufficient evidence to establish that the defendants had breached certain duties owed to him and that the issue whether the pin had been altered or replaced was a question of fact for the jury.  Responding, the defendants assert that the circuit court properly granted

4

their motion to strike because the plaintiff failed to prove that a defect existed in the trailer when it left the defendants' possession.  We agree with the defendants.

In Logan v. Montgomery Ward & Co., 216 Va. 425, 428, 219 S.E.2d 685, 687 (1975), we stated the following principles which are equally pertinent here:

> "The standard of safety of goods imposed on the seller or manufacturer of a product is essentially the same whether the theory of liability is labeled warranty or negligence.  The product must be fit for the ordinary purposes for which it is to be used. . . .  Under either the warranty theory or the negligence theory the plaintiff must show, (1) that the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands."

We restated and applied these principles in Jeld-Wen, Inc. v. Gamble, 256 Va. 144, 148, 501 S.E.2d 393, 396 (1998), Morgen Indus., Inc. v. Vaughan, 252 Va. 60, 65, 471 S.E.2d 489, 492 (1996), Besser Co. v. Hansen, 243 Va. 267, 277, 415 S.E.2d 138, 144 (1992), and Harris-Teeter, Inc. v. Burroughs, 241 Va. 1, 4, 399 S.E.2d 801, 802 (1991).

Applying these principles, we hold, as a matter of law, that the plaintiff failed to prove that the unreasonably dangerous condition existed at the time the trailer left the defendants' possession or control.  As we have already stated, Goode, the plaintiff's employer, accepted delivery of the

5

trailer on November 5, 1990, and the plaintiff did not use the trailer until after he began employment with Goode on March 4, 1991, four months after the date of delivery. The plaintiff failed to present any evidence about the condition of the pin and the hydraulic unit when the trailer was delivered.

We find no merit in the plaintiff's contention that the "condition of the pin as of March . . . 1991 creates a presumption or, at the least, a permissible inference that the size, shape, appearance and retaining devises [sic] were the same as at prior points in time." The evidence of record indicates that several persons operated the trailer before the plaintiff began his employment at Goode. Goode's employees, who used the trailer, were required to inspect and maintain the trailer. Additionally, the cylinder was removed from the trailer, and repairs were performed on it before the date of the plaintiff's accident.

In view of our holdings, we need not consider the plaintiff's remaining assignments of error.[*] Accordingly, we will affirm the judgment of the circuit court.

---

[*] Garrett contends that he proved an unreasonably dangerous condition existed when the trailer left the defendants' possession because the size of the pin that was in the cylinder when the accident occurred was the same size as the pin that Witzer Company installed in the cylinder. Continuing, Garrett asserts that it is irrelevant whether the pin was altered after the trailer left the defendants' possession because his expert witness testified that the

6

                                                              <u>Affirmed.</u>

---

accident occurred because the pin was too small.  Garrett also argues that he established that the trailer was defective when it was delivered to Goode because the hydraulic system contained a design defect.  Garrett says that excessive spacing existed between support plates and the ends of the clevis which contributed to the accident.  Garrett failed to raise these arguments in the circuit court, and we will not consider them for the first time on appeal.  Rule 5:25.