## CIRCUIT COURT OF THE CITY OF ROANOKE

Susie Carol Bussey

v.

E.S.C. Restaurants, Inc.,
t/a Golden Corral

December 10, 2004

Case No. CL02-1354

By Judge Charles N. Dorsey

The only remaining issue in this matter is the defendant's motion to set aside the verdict as contrary to the law and evidence. I took that motion under advisement on the day of trial to permit additional memos and transcripts of the trial to be filed, if so desired.

*Verdict Contrary to the Law and Evidence*

Counsel have cited different portions of the transcript in support of their differing positions. I have reviewed the transcript as well as the memoranda and arguments that were made at the hearing on November 8, 2004. I see no good purpose, at this stage, to repeat any of the various facts that were adduced in evidence at trial. Each counsel has accurately referred to portions of the transcript in support of their position.

The chief dispute is whether Ms. Bussey presented sufficient evidence to persuade the jury that the onset of her staphylococcal food poisoning resulted from consuming beef tips at Golden Corral. Given the numerous facts adduced at trial, including all specific facts to which both counsel refer, as well as other

testimony which bears on this issue, I am persuaded to grant the defendant's motion and set aside the verdict as contrary to the law and evidence.

As was bluntly stated in *Lane v. Scott*, "if there is a conflict in the testimony on a material point, or if reasonable men may differ in their conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight given to the testimony, the trial judge cannot substitute his conclusion for that of the jury merely because he would have voted for a different verdict if he had been on the jury." *Id.*, 220 Va. 578, 580, 260 S.E.2d 238, 240 (1979). Even though my conclusion differs from that of the jury, I am not substituting my judgment for the jury's, but rather ensuring that the outcome of this case is based on sufficient evidence.

The plaintiff is not required to put forth an unassailable case regarding causation in order to present a jury question. It is not necessary to exclude every possible cause of the injury. "All that is required is that a jury be satisfied with proof which leads to the conclusion with probable certainty where absolute logical certainty is impossible." *Bly v. Southern Ry.*, 183 Va. 162, 176, 31 S.E.2d 564, 570 (1994).

Indeed, Ms. Bussey was not required to negate every possible cause of her food poisoning. At trial Ms. Bussey presented evidence to persuade the jury that her consumption of beef tips lead to the onset of food poisoning. She testified that she became ill four hours after eating beef tips at Golden Corral and was admitted to the emergency room the following day. Tr. I, p. 45. Two days after Ms. Bussey ate at Golden Corral, Dr. Gaylord examined her and testified that her symptoms were consistent with staphylococcal food poisoning. Tr. I, p. 102.

Dr. Gaylord's testimony in diagnosing Ms. Bussey's illness was important in supporting her claim of food poisoning. As a general rule, only a medical doctor may give an expert opinion about the cause of a physical injury. *John v. Im*, 263 Va. 315, 321, 559 S.E.2d 694, 697 (2002). A medical expert opinion supports a plaintiff's claim of causation with medical proof as opposed to mere lay testimony. Hence, Dr. Gaylord's testimony was vital in establishing the cause of Ms. Bussey's illness.

However, this medical expert testimony must have a sufficient factual foundation. The Supreme Court of Virginia reasoned that a trial court may properly exclude disputed expert testimony where the testimony lacked a sufficient factual basis. *Id.* at 319-20, 559 S.E.2d at 696. Because expert testimony is meant to assist the trier of fact in understanding evidence, it is inadmissible if it is too speculative or founded on assumptions that have an insufficient factual basis. *Id.*

While I was troubled by this apparent lack of factual basis at trial, I was also aware that I might have inadvertently missed a portion of the testimony that supplied such basis. I am also mindful of our Supreme Court's suggested procedure in *Brown v. Koulizakis*, 229 Va. 524, 531, 331 S.E.2d 440, 445 (1986), to the effect that if a plaintiff's verdict is returned after a motion to strike is overruled, the Court may still set aside the verdict under Va. Code § 8.01-430. Having now had the opportunity to review the transcript, the verdict must be set aside.

As Dr. Gaylord's testimony lacked a sufficient factual basis, he was unable to attribute causation to Golden Corral specifically. On cross-examination, Dr. Gaylord testified that most cases of bacterial food poisoning arise within six to twenty-four hours after ingestion. Tr. 1, pp. 140-42. Dr. Gaylord confirmed that no culture was taken to identify the bacteria in Ms. Bussey's body or the food at Golden Corral. Tr. I, pp. 142, 146. Because Dr. Gaylord did not examine Ms. Bussey contemporaneously, his diagnosis is based on the timeline she gave him. Tr. I, pp. 105-06. As was clearly stated in *Massie v. Firmstone*, a plaintiff cannot rise above her own testimony and "ask that [her] case be made stronger than [she] makes it." Due to the non-contemporaneous medical examination, the lack of laboratory testing, and the discrepancy in the timeline, Dr. Gaylord's testimony is insufficient to attribute the cause of Ms. Bussey's food poisoning to Golden Corral, in particular. Ms. Bussey's description of the events was sufficient to allow Dr. Gaylord to diagnose food poisoning, but it was insufficient to attribute causation to Golden Corral.

The jury verdict is supported primarily by Ms. Bussey's testimony regarding causation between eating the beef tips and the onset of her illness. By its very nature, food poisoning is often speculative and difficult to diagnose. Thus, food poisoning cases turn on their facts. In the absence of direct proof, circumstantial evidence, such as other diners becoming ill, may be used to show the unwholesomeness of food.

However, as the Supreme Court of Virginia reasoned, a correlation between an action and an injury is insufficient to establish causation because the mere fact of an injury does not establish negligence. *Logan v. Montgomery Ward & Co.*, 216 Va. 425, 428-29, 219 S.E.2d 685, 687-88 (1975). Because an injury can happen for various reasons, including fault by the plaintiff, causation should be proved by more than a correlation of facts. Likewise, in adulterated food cases, the plaintiff must show that the food product contained foreign matter at the time the retailer sold and delivered it to the consumer. *Harris Teeter v. Burroughs*, 241 Va. 1, 4, 399 S.E.2d 801, 802 (1991). Hence,

proof of causation should be supported by more than a mere correlation between product consumption and ensuing injury.

Accordingly, Ms. Bussey's evidence demonstrates a correlation, and not causation, between eating the beef tips and becoming ill. In the absence of direct evidence, her circumstantial evidence is insufficient to prove the existence of contaminated beef tips when she ate them or that consumption of these beef tips caused her illness. Ms. Bussey's proof of negligence is limited to her eating the beef tips and then becoming ill. There is no proof of a causal connection between the two events besides Ms. Bussey attributing causation to Golden Corral, which Dr. Gaylord relied upon in reaching his conclusion that Ms. Bussey became ill because she ate the beef tips. Although the jury is permitted to draw inferences regarding causation from lay testimony and circumstantial evidence, there is insufficient evidence in this case to support a verdict for the plaintiff. Therefore, the defendant's motion to set aside the verdict as contrary to the law and evidence is granted.