# CIRCUIT COURT OF THE CITY OF RICHMOND

Janasia N. Harris

v.

Virginia Commonwealth
University

September 20, 2012

Case No. CL12-2855

By Judge Melvin R. Hughes, Jr.

This is an appeal noted by an undergraduate student attending Virginia Commonwealth University (VCU) from a ruling denying in-state domiciliary tuition status.

To be eligible for in-state tuition, the student must show by clear and convincing evidence that, "for a period of at least one year immediately prior to the date of the alleged entitlement," the student was "domiciled in Virginia and had abandoned any previous domicile, if such existed." Va. Code § 23-7.4(13).

The salient point presented by the student here, Janasia N. Harris, is that she should be considered a Virginia domiciliary because she is from Virginia, having been born and lived here until a young age, thereafter living in Maryland when her mother removed her from the state. Upon graduation from high school, in Maryland, she applied and was admitted to attend VCU. Toward that end, Harris asserts she "reestablished domicile in Virginia since I have attended here at VCU" and "currently" lives with an aunt, her guardian, in Alexandria, from whom she derives financial support. She testified as well that she maintains an apartment in Richmond under a lease, is employed here, maintains her own vehicle with registration and insurance, etc. Lastly, she stated at the residency board hearing that she applied for admission to two other colleges but accepted admission to VCU.

Eligibility for in-state tuition is governed by Va. Code § 23-7.4. The statute states as to "Domicile" in Subsection (A) that "Domicile" means the present, fixed home of an individual to which he returns following temporary absences and at which he intends to stay indefinitely." "Domiciliary intent"

means present intent to remain indefinitely. The statute goes on to mention factors to be considered including, taxes paid, driver's license, motor vehicle registration, employment, and other things. It also provides that these factors may be considered as merely auxiliary to fulfilling educational objectives. Va. Code § 23-7.4(B).

This statute does not specifically address the situation at hand, where a parent of a minor child leaves the state and then that child, no longer a minor, later returns. Va. Code Ann. § 23-7.4(C) states that "[f]or the purposes of this section, the domicile of an unemancipated minor or a dependent student 18 years of age or older may be either the domicile of the parent with whom he resides, the parent who claims the student as a dependent for federal or Virginia income tax purposes for the tax year prior to the date of the alleged entitlement and is currently so claiming the student, or the parent who provides the student substantial financial support." The United States Supreme Court has said that, "[s]ince most minors are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989).

Here, Harris left Virginia as a minor with her mother when her mother moved to Maryland. When Harris' mother moved with Harris to Maryland, and Harris' mother's intent to remain indefinitely in Maryland was formed, at that time Harris' domicile changed with her mother's to Maryland.

The task set for the court in reviewing a decision of the Residency Appeals Committee is "whether the decision recorded by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law." Va. Code § 23-7.4:3(A). It is not the function of the court to reweigh the evidence. See *Ravindranatham v. Virginia Commonwealth Univ.*, 258 Va. 264, 274, 519 S.E.2d 618 (1999).

As noted, the main point Harris presses is that she should be considered as "reestablishing" domicile here. The Court discerns that Harris really means that she never lost her domiciliary status or that it was "reestablished" in the sense that she resumed a physical presence here never intending nor meaning to relinquish original domiciliary intent.

Given the rules relative to domicile status of an unemancipated minor or dependent student found in Va. Code § 23-7.4(C), there being no evidence of Harris as a "dependent" of her aunt prior to coming to Virginia, and the evidence of her living in Maryland with her mother prior to coming to Virginia, the Court concludes there was evidence to support the finding that Harris came here for educational purposes. As such, the decision cannot be said to be arbitrary or capricious.

Accordingly, the Court finds that there is no merit in Harris' appeal.